**VENABLE LLP**
Ari N. Rothman (SBN 296568)
anrothman@venable.com
Bryan J. Weintrop (SBN 307416)
bjweintrop@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Attorneys for Defendant
One Technologies, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

Aaron Hicks,

Plaintiff,

v.

One Technologies LLC d/b/a Freescore360.com; and DOES 1-100 inclusive,

Defendants.

CASE NO. 8:20-cv-01856-DOC-DFM

**DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS**

Date: December 7, 2020
Time: 8:30 a.m.
Crtrm.: 9D

Action Filed: June 12, 2020
Removed: September 23, 2020
Trial Date: None set

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on December 7, 2020, at 8:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 9D of the above-titled Court, located at 411 West Fourth Street, Santa Ana, CA 92701, defendant One Technologies, LLC will and hereby does move to dismiss plaintiff's complaint.

This motion is made pursuant to Fed. R. Civ. P. 12(b)(2) because plaintiff cannot establish that that this Court can exercise personal jurisdiction over One Technologies. Plaintiff cannot establish general jurisdiction because One Technologies is a Texas-based company that is not "at home" in California. Likewise, plaintiff cannot establish specific jurisdiction because plaintiff's claims arise from the conduct of an independent contractor located in Pennsylvania, and because exercising personal jurisdiction would be otherwise unfair and unjust.

This motion is based on the instant notice, the accompanying Memorandum of Points and Authorities, the declarations of Bryan J. Weintrop and Astra Zittlau, the complete court file, including the records and pleadings on file in this matter, and any other oral or documentary evidence that may be presented to the Court at the time of the hearing.

***Local Rule 7-3 Compliance***. This motion is made following the conference of counsel pursuant to Central District Local Rule 7-3. (Declaration of Bryan J. Weintrop at ¶ 2.)

Dated: October 29, 2020

VENABLE LLP

By: /s/ Ari N. Rothman
Ari N. Rothman
Bryan J. Weintrop
Attorneys for Defendant
One Technologies, LLC

## TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. FACTS .......... 2

A. One Technologies Is A Texas Company That Did Not Send the Emails Over Which Plaintiff Sues. .......... 2

B. Plaintiff Does Not Allege One Technologies Sent Him Emails in California. .......... 4

III. LEGAL STANDARD .......... 4

IV. ARGUMENT .......... 5

A. General Personal Jurisdiction Does Not Exist Over One Technologies. .......... 5

B. There Is No Specific Personal Jurisdiction Over One Technologies Because It Did Not Purposefully Send or Direct the Emails at Issue to California or Plaintiff .......... 7

1. One Technologies Did Not Purposefully Avail Itself of the Privilege of Conducting Activities in California. .......... 8

2. Plaintiff's Claim Does Not Arise out of One Technologies' Scant Forum-Related Activities. .......... 14

3. Exercising Jurisdiction over One Technologies Would Offend Traditional Notions of Fair Play and Substantial Justice With Respect to One Technologies and Its Witnesses. .......... 20

V. CONCLUSION .......... 21

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Aggrenox Antitrust Litig.*, No. 3:14-md-2516, 2015 WL 1311352 (D. Conn. March 23, 2015) .................. 5

*Alsop v. Carolina Custom Prods., Inc.*, No. 07-cv-0212, 2007 U.S. Dist. LEXIS 65679, 2007 WL 2441025 (C.D. Cal. June 29, 2007) .................. 14

*Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102 (1987) .................. 20

*Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202 (10th Cir. 2001) .................. 7

*Brand v. Menlove Dodge*, 796 F.2d 1070 (9th Cir. 1986) .................. 6

*Bright v. Primary Source Media*, No. 98-cv-1313, 1998 WL 671247 (N.D. Cal. Sept. 29, 1998) .................. 19

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017) .................. 5, 8

*Burger King v. Rudzewicz*, 471 U.S. 462 (1985) .................. 15

*Campanelli v. Image First Unif. Rental Serv., Inc.*, No. 15-cv-04456, 2016 WL 4729173 (N.D. Cal. Sept. 12, 2016) .................. 19

*Cascade Corp. v. HiabFoco AB*, 619 F.2d 36 (9th Cir. 1980) .................. 14

*Congoleum Corp. v. DL W Aktiengelsellschaft*, 729 F.2d 1240 (9th Cir. 1984) .................. 7

*Cybersell Inc. v. Cybersell Inc.*, 130 F.3d 414 (9th Cir. 1997) .................. 20

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) .......... 5

*DFSB Kollective Co. v. Bourne*,
897 F. Supp. 2d 871 (N.D. Cal. 2012) .......... 18

*Duncanson v. Wine & Canvas IP Holdings LLC*,
2017 WL 6994541 (S.D. Ind. Apr. 20, 2017) .......... 5

*Durward v. One Technologies LLC, et al.*,
Case No. 2:19-cv-06371-GW (Ex. 2, One Technologies, LLC's Request for Judicial Notice ("RJN") at Ex. A, B, C) .......... *passim*

*Giangola v. Walt Disney World Co.*,
753 F. Supp. 148 (D.N.J. 1990) .......... 14

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) .......... 4

*Haas v. A.M. King Indus., Inc.*,
28 F. Supp. 2d 644 (D. Utah 1998) .......... 7, 14

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984) .......... 5

*Keeton v. Hustler Magazine, Inc.*,
465 U.S. 770 (1984) .......... 8

*Kransco Mfg., Inc. v. Markwitz*,
656 F2d 1376 (9th Cir. 1981) .......... 19

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
647 F.3d 1218 (9th Cir. 2011) .......... 18

*Neuromechanical, LLC v. Kiro Kids Pty. Ltd.*,
No. 10-cv-1068, 2011 WL 333337 (D. Ariz. Jan.31, 2011) .......... 14

*Omeluk v. Langsten Slip & Batbyggeri A/S*,
52 F.3d 267 (9th Cir. 1995) .......... 8

*Phillips v. Worldwide Internet Sols.*,
No. 05-cv-5125, 2006 WL 1709189 (N.D. Cal. June 20, 2006) .......... 2, 7, 14, 19

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) .......... 4

*Senne v. Kansas City Royals Baseball Corp.*,
105 F. Supp. 3d 981 (N.D. Cal. 2015) .......... 6

*Shrader v. Biddinger*,
633 F.3d 1235 (10th Cir. 2011) .......... 13

*Snowney v. Harrah's Entm't, Inc.*,
35 Cal. 4th 1054 (2005) .......... 18

*Walden v. Fiore*,
134 S. Ct. 1115 (2014) .......... 8, 16

*XMission, LC v. Fluent, LLC*,
955 F.3d 833 (10th Cir. 2020) .......... *passim*

*Zoobuh, Inc. v. Williams*,
No. 2:13-cv-0791, 2014 WL 7261786 (D. Utah Dec. 18, 2014) .......... *passim*

**Statutes**

Bus. & Prof. Code § 17529.5 .......... 1, 4, 15

**Other Authorities**

Fed. Rule of Civ. Proc. 12 .......... 1, 2, 9, 21

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

One Technologies LLC moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) because California courts lack personal jurisdiction over One Technologies.

Plaintiff's sole cause of action is for receiving unsolicited commercial emails that he claims violate California's anti-spam statute codified at Business & Professions Code § 17529.5. However, plaintiff's complaint contains *no* allegations providing a basis for exercising jurisdiction over One Technologies. Foremost, One Technologies did not send any of the emails over which plaintiff sues. Indeed, One Technologies never had any communication with plaintiff at all and lacked knowledge that any of the challenged emails were sent to him until this dispute arose. Rather, a third-party independent contractor from Pennsylvania sent the emails or arranged for the emails to be sent. Further, all of One Technologies' members, employees, officers, property, sales, and operations, along with witnesses, documentary evidence, and documents related to the claims and possible defenses in this case, are in Texas, not California.

Notably, Judge Wu of the Central District of California earlier this month found no personal jurisdiction existed over One Technologies on identical facts. *Durward v. One Technologies LLC, et al.,* Case No. 2:19-cv-06371-GW (Ex. 2, One Technologies, LLC's Request for Judicial Notice ("RJN") at Ex. A, B, C). And, Judge Wu is not alone in finding that emails sent by third parties do not confer personal jurisdiction on non-senders in situations similar to the one presented here. *XMission, LC v. Fluent, LLC*, 955 F.3d 833, 846 (10th Cir. 2020) (personal jurisdiction did not exist where the defendant used third parties to send marketing emails because the plaintiff "ha[d] not made any showing that [defendant] knew that any email recipient resided in Utah" despite alleging that the

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

defendant "was responsible for at least 10,141 emails"); *Zoobuh, Inc. v. Williams*, No. 2:13-cv-0791, 2014 WL 7261786, at *6 (D. Utah Dec. 18, 2014) (granting motion to dismiss for lack of personal jurisdiction where foreign company's supposedly unlawful email advertisements were sent to forum state residents by third party advertising publishers); *Phillips v. Worldwide Internet Sols.*, No. 05-cv-5125, 2006 WL 1709189, at *5 (N.D. Cal. June 20, 2006) (no personal jurisdiction in CAN-SPAM and § 17259 litigation where a non-resident defendant allegedly sent or caused to be sent commercial emails to California resident).

Accordingly, One Technologies respectfully submits that this Court should follow the reasoning of Judge Wu in *Durward* and the Tenth Circuit in *XMission* along with the other authorities discussed herein, and dismiss plaintiff's complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

## II. FACTS

### A. One Technologies Is A Texas Company That Did Not Send the Emails Over Which Plaintiff Sues.

One Technologies, LLC is a Texas limited liability company with its principal place of business located in Dallas, Texas. (Ex. 1, Zittlau Decl. ¶ 2.) One Technologies operates a web-based business out of Dallas that provides consumers with credit monitoring, credit education and analysis tools, and identity theft prevention and mitigation products. (Ex. 1, Zittlau Decl. ¶ 9.) These services help One Technologies' customers navigate the credit reporting landscape by providing ongoing and up-to-date information about their credit scores and reports, combined with a variety of tools and products to learn about credit, research personal credit trends, and project the consequences of credit decisions. (*Id*.)

All of One Technologies' members are Texas citizens. (Ex. 1, Zittlau Decl. ¶ 2.) Its executives and employees are all located in Dallas, Texas, and it does not

have any executives or employees located in or doing business in California. (Ex. 1, Zittlau Decl. ¶ 4.) One Technologies does not own, use, or possess any real estate, offices, property, assets, telephone listings, mailing address, bank accounts, or any other assets in California. (Ex. 1, Zittlau Decl. ¶ 5.) One Technologies provides all of its services from Dallas, Texas, where its employees are located. (Ex. 1, Zittlau Decl. ¶ 6.) One Technologies is not licensed or regulated by any California government agency. (Ex. 1, Zittlau Decl. ¶ 7.)

One Technologies does not send any emails to consumers with whom it does not have an existing or current business relationship. (Ex. 1, Zittlau Decl. ¶ 10.) However, independent contractors known as "publishers" or "affiliates" send emails advertising One Technologies' products and services or arrange for those emails to be sent. (*Id.*) Plaintiff in his complaint acknowledges these latter facts. (Complaint ¶¶ 36, 37, 105, 106.)

One Technologies traced to a publisher located in Pennsylvania the emails challenged by plaintiff in this case. (Ex. 1, Zittlau Decl. ¶ 17.) Although One Technologies requires publishers to comply with applicable laws and regulations and follow One Technologies' email compliance policy, publishers control all aspects of transmitting the emails and make fundamental decisions concerning the emails themselves, including choosing each email's recipient. (Ex. 1, Zittlau Decl. ¶ 11.) Alternatively, publishers arrange for the emails to be sent by others. (Ex. 1, Zittlau Decl. ¶ 10.) Either way, One Technologies does not know, and has no control over, where the emails are sent or to whom, other than to the sending of email advertisements to email addresses associated with recipients who have requested to "opt-out" of receiving emails advertising One Technologies. (Ex. 1, Zittlau Decl. ¶ 12.)

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

### B. Plaintiff Does Not Allege One Technologies Sent Him Emails in California.

Plaintiff Aaron Hicks alleges that he is a California resident, and complains that he received 25 emails in violation of California's anti-spam statute, Cal. Bus. and Prof. § 17529.5. (Complaint ¶ 4.) He acknowledges that One Technologies did not send the emails. (*Id.* ¶¶ 36, 37, 105, 106.) Rather, he alleges that third parties did so. (*Id*.) Thus, plaintiff does not allege that One Technologies sent the emails, drafted the emails, controlled the content of the emails, chose the recipients of the emails, or obtained the domain names from which the emails were sent. Rather, he premises his claims on the actions of third parties who sent the challenged emails (*Id*. ¶ 36.) Further, plaintiff does not allege that he attempted to or did purchase anything from One Technologies, or that he visited any One Technologies website.

Accordingly, plaintiff does not allege that One Technologies itself engaged in any activity in California, let alone any activity giving rise to the allegations in his complaint. Indeed, One Technologies did not know about the emails over which plaintiff sues until plaintiff's counsel produced them to One Technologies after this dispute arose. (Ex. 1, Zittlau Decl. ¶ 16.)

## III. LEGAL STANDARD

Plaintiff bears the burden of making a *prima facie* showing of personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Further, a court may only exercise personal jurisdiction over a non-resident defendant if doing so would comport with the Fourteenth Amendment's Due Process Clause because it "exposes defendants to the State's coercive power." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011).

Personal jurisdiction is established either through general, i.e. "all purpose," jurisdiction derived from a defendant's establishment of the jurisdiction as its home base, or specific, i.e. "case-linked," jurisdiction derived from a defendant's

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

jurisdictional contacts if sufficiently related to the claims at issue. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017). Here, plaintiff cannot establish general personal jurisdiction or specific personal jurisdiction.

## IV. ARGUMENT

### A. General Personal Jurisdiction Does Not Exist Over One Technologies.

Plaintiff cannot meet his burden to establish that general personal jurisdiction exists over One Technologies.

For general jurisdiction to exist over a nonresident defendant, the corporate defendants must have "continuous and systematic general business contacts" that "approximate physical presence" in the forum state (here, California). *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984) (finding no general jurisdiction where defendant did not have a place of business in forum state and had never been licensed to do business in forum state, despite existence of other connections). In other words, for companies, the question is whether the jurisdiction is one where the company is "at home." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 840 (10th Cir. 2020); *Duncanson v. Wine & Canvas IP Holdings LLC*, 2017 WL 6994541, at *2-3 (S.D. Ind. Apr. 20, 2017) (citing *Daimler AG v. Bauman*, 571 U.S. 117 (2014) and district court opinions). "Being 'essentially at home' in a place is a very high bar, almost never found for corporations where they are neither incorporated nor headquartered." *In re Aggrenox Antitrust Litig.*, No. 3:14-md-2516, 2015 WL 1311352, at *25 (D. Conn. March 23, 2015) (granting motion to dismiss). This is an exacting standard because a finding of general jurisdiction permits a defendant to be haled into court in the forum state in connection with any of its world-wide activities. *Daimler AG*, 571 U.S. at 138 (2014) ("exercise of general jurisdiction in every State in which a corporation

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

engages in a substantial, continuous, and systematic course of business. . . is unacceptably grasping.") (quotations omitted); *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) (collecting cases where general jurisdiction was denied despite defendants' significant contacts with forum).

Here, One Technologies is not "at home" in California. One Technologies is a Texas limited liability company with its principal place of business located in Texas. (Ex. 1, Zittlau Decl. ¶ 2.) All of its members are Texas citizens. (Ex. 1, Zittlau Decl. ¶ 2.) All of its executives and employees are based in Texas. (Ex. 1, Zittlau Decl. ¶ 4.) Additionally, it does not have any operations in California, much less any "continuous and systematic" operations. (Ex. 1, Zittlau Decl. ¶ 5.) It has never held any offices, property, assets, telephone listings, or bank accounts in California. (*Id*.)

One Technologies, out of an abundance of caution, pays California corporate income tax on revenue generated from sales to California residents. (Ex. 1, Zittlau Decl. ¶ 14.) But, none of those sales were made to plaintiff and thus its payment of taxes is unrelated to any of the conduct alleged in plaintiff's complaint. (*Id*.) And, in all events, paying taxes falls far short of what is required to render a company "essentially at home" in California for general jurisdiction to attach. *Senne v. Kansas City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 999, 1021 (N.D. Cal. 2015) (rejecting exercise of general jurisdiction where, among other connections, baseball franchises paid taxes to California).

One Technologies does not have any employees in California. (Ex. 1, Zittlau Decl. ¶ 4.) Further, receiving emails in California is insufficient to confer general personal jurisdiction on One Technologies. Thus, in *Phillips v. Worldwide Internet Solutions*, the court found no general personal jurisdiction against a defendant in a case alleging violations of California's anti-spam statute and the federal CAN-SPAM Act, despite the defendant having California customers and being

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

"partnered" with California vendors because "engaging in commerce with residents of the forum state is not in and of itself the kind of activity th[at] approximates physical presence within the state's borders." *Phillips v. Worldwide Internet Sols.*, No. 05-cv-5125, 2006 WL 1709189, at *5 (N.D. Cal. June 20, 2006) (internal quotations and citations omitted); *see also, e.g.*, *Congoleum Corp. v. DL W Aktiengelsellschaft*, 729 F.2d 1240, 1242 (9th Cir. 1984) ("no court has ever held that the maintenance of even a substantial sales force within the state is a sufficient contact to assert jurisdiction in an unrelated cause of action"); *Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202, 1210 (10th Cir. 2001) (finding no general jurisdiction because "the mere placement of advertisements in nationally-distributed publications cannot be regarded as 'continuous and systematic' in nature."); *Haas v. A.M. King Indus., Inc.*, 28 F. Supp. 2d 644, 650 (D. Utah 1998) ("It is undisputed that neither of the moving defendants has ever had a place of business in Utah and neither defendant has ever been licensed to do business in the state. [Defendants'] contacts have basically amounted to placing national and regional advertisements, sending out direct mailings, and maintaining a website. The mere placement of advertisements in journals of national distribution cannot be regarded as 'continuous and systematic' in nature in a given state.").

For these reasons, no general personal jurisdiction exists over One Technologies.

**B. <u>There Is No Specific Personal Jurisdiction Over One Technologies Because It Did Not Purposefully Send or Direct the Emails at Issue to Plaintiff.</u>**

If no general personal jurisdiction exists then plaintiff must establish specific personal jurisdiction to avoid dismissal.

Specific personal jurisdiction is only established if plaintiff's suit arises out

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

of or sufficiently relates to the defendant's contacts with the forum. *Bristol-Myers Squibb*, 137 S. Ct. at 1780. Thus, Supreme Court precedent holds that "[t]he inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984))). Accordingly, plaintiff must show:

> (1) the foreign defendant does some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) plaintiff's claim arises out of or results from the foreign defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction would be reasonable.

*Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995) (affirming dismissal for lack of personal jurisdiction). Plaintiff's failure to meet any of these three elements is fatal to establishing personal jurisdiction. Here, plaintiff cannot satisfy any of these elements much less all three.

1. <u>One Technologies Did Not Purposefully Avail Itself of the Privilege of Conducting Activities in California.</u>

Plaintiff cannot show that One Technologies took any action to invoke the benefits or protections of California law such that exercising specific personal jurisdiction would be appropriate here. In fact, Judge Wu found no specific personal jurisdiction existed on identical facts.

In *Durward*, plaintiff alleged that One Technologies violated California's anti-spam statute by "engag[ing] numerous third party advertising networks and affiliates (also known as 'publishers') to advertise for OneTech" and that "some of these affiliates send millions of unwanted and unlawful commercial e-mail

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

messages to recipients that did not give consent to receive them." (Ex. C to RJN (Ex. 2), at 2.) One Technologies moved to dismiss the case for lack of personal jurisdiction, and Judge Wu dismissed the case under rule 12(b)(2) after finding specific personal jurisdiction lacking. (Ex. B to RJN, at 1.) Plaintiff subsequently requested, and the court granted, leave to conduct jurisdictional discovery. (Ex. D to RJN, at 5.) After conducting discovery, the plaintiff moved for reconsideration of the court's order to dismiss the case, and Judge Wu denied the motion for reconsideration. (Ex. C to RJN, at 1.)

In concluding that no specific personal jurisdiction existed, Judge Wu found that plaintiff provided no evidence that One Technologies specifically targeted California to demonstrate purposeful availment even though advertising associated with One Technologies reached consumers nationwide. (Ex. A to RJN, at 8-9; Ex. C to RJN, at 5-6.) Judge Wu found persuasive that: publishers control all aspects of transmitting the emails promoting One Technologies' and make fundamental decisions concerning the emails themselves, including choosing each email's recipient; One Technologies does not decide the recipients of the emails that publishers send; One Technologies does not know, does not direct, and has no control over, where the emails are sent, other than to prohibit publishers from sending email advertisements to email addresses associated with recipients who have requested to "opt-out" of receiving emails advertising One Technologies; and One Technologies would not be able to identify the location of any given email recipient because, unlike phone number area codes, email addresses are not connected to any particular geographic location. (Ex. A to RJN, at 7.) On those facts, Judge Wu held that One Technologies did not have sufficient contacts with California to establish purposeful availment.

No material difference exists between *Durward* and this case. Like in *Durward*, plaintiff Hicks alleges that One Technologies "contracted with third-

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

party advertising networks and affiliates" who sent commercial emails in violation of Cal. Bus. and Prof. 17529. (Complaint at ¶ 105.) Further, a publisher located in Pennsylvania sent the emails or arranged for the emails to be sent. (Ex. 1, Zittlau Decl. ¶ 17.) And, like all publishers, the Pennsylvania publisher controlled all aspects of transmitting the emails and made fundamental decisions concerning the emails themselves, including choosing each email's recipient. (Ex. 1, Zittlau Decl. ¶¶ 11, 12.) Thus, One Technologies did not know, and had no control over, where the emails are sent or to whom. (Ex. 1, Zittlau Decl. ¶ 12.) Indeed, One Technologies did not even know the identity of the plaintiff or that he received the emails until after he received the emails when this dispute arose. (Ex. 1, Zittlau Decl. ¶ 16.) These are the same facts that Judge Wu considered when he dismissed One Technologies, and dismissal is warranted in this case for the same reasons. (Ex. A to RJN, at 7.)

Judge Wu's decision is consistent with other decisions finding no personal jurisdiction under similar facts. Most recently, the Tenth Circuit found personal jurisdiction lacking under similar circumstances in a case involving alleged violations of the federal CAN-SPAM Act (the federal law regulating unsolicited email marketing) because there was no evidence that the challenged emails "target[ed] the forum state." *XMission, LC v. Fluent, LLC*, 955 F.3d 833, 850 (10th Cir. 2020). There, the plaintiff alleged that the defendant sent 10,141 emails to recipients nationwide, including in Utah, and therefore was subject to personal jurisdiction in Utah. The district court dismissed the case for lack of personal jurisdiction and the Tenth Circuit upheld dismissal, finding that the defendant had not targeted the forum state where it "ha[d] no involvement with or control over the origination, approval, or delivery of the emails"; "d[id] not review the emails before they are sent, nor d[id] it know the locations of the recipients nor decide who should receive the emails." *Id.* at 838. The court also noted that the defendant

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

had never been registered to do business in Utah; never had any offices of any kind in Utah; never employed any persons in Utah; never owned or leased any commercial property or property of any kind in Utah; never had any assets in the State of Utah; never had a telephone or telephone listing in Utah; never undertaken to market or advertise in Utah or to target or direct any internet marketing directly to Utah residents; does not maintain any bank accounts in Utah; does not have any members or managers that reside in Utah; and does not have regular sales personnel in Utah, nor does it recruit employees in Utah. *Id.*

Moreover, the plaintiff "ha[d] not made any showing that [defendant] *knew* that any email recipient resided in Utah," despite alleging that the defendant "was responsible for at least 10,141 emails" because it could not create a genuine issue of fact to contravene defendant's declaration that it "does not see the emails before they are sent by the publishers; know where (i.e., the location or the recipient) the publishers send the emails; or decide the customers to whom the publishers should publish the emails." *Id*. ("[p]urposeful direction cannot be satisfied if the website host, web poster, or email sender simply wants as many responses as possible but is indifferent to the physical location of the responder."). The Tenth Circuit also rejected the plaintiff's argument that the defendant "must have known that some of the offending emails were going to Utah because it was aware, based on its business model of compensating publishers for each 'triggering event,' that the publishers had an incentive to send emails to as many people in as many places as possible." *Id* at 848. To the contrary, "[g]eneral knowledge that a message will have a broad circulation does not suffice." *Id*. Accordingly, the Tenth Circuit found dismissal for lack of personal jurisdiction appropriate.

In *Zoobuh v. Williams*, the court granted foreign defendant Thrive's motion to dismiss CAN-SPAM claims for lack of personal jurisdiction. *Zoobuh, Inc. v. Williams*, No. 2:13-cv-0791, 2014 WL 7261786, at *6 (D. Utah Dec. 18, 2014)

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

(granting motion to dismiss for lack of personal jurisdiction where foreign company's supposedly unlawful email advertisements were sent to forum state residents by third party advertising publishers). There, the plaintiff claimed that Thrive sent or caused to be sent tens of thousands of unlawful advertising emails to plaintiff. *Id.*, *1. Thrive declared that third party publishers—not Thrive—sent the emails on Thrive's behalf:

> Thrive Marketing also has no involvement with, or control over, the origination, approval, or delivery of the emails. It does not draft the content of the emails sent by the publishers; review or approve them; know where (i.e., the location or the recipient) the publishers send the emails; or decide the customers to whom the publishers should publish the emails.

*Id.*, *5. The court held that "[b]ased upon the evidence presented, the Court cannot find that Defendant Thrive directly took any actions that are the subject of this litigation. Instead, Defendant used third parties who sent the emails of which Plaintiff complains." *Id.*

As in *XMission* and *Zoobuh* (and as Judge Wu found in *Durward*), One Technologies, a foreign defendant, relies solely on third party publishers to send (or arrange to send) email advertisements like the ones plaintiff claims he received. (Ex. 1, Zittlau Decl. ¶¶ 10, 12.) Like the defendants in *XMission* and *Zoobuh*, One Technologies has no involvement with, or control over, the transmission or delivery of the emails. (Ex. 1, Zittlau Decl. at ¶¶ 11, 12.) It does not know the locations or the recipients to which the emails are sent; or decide the recipients to whom the emails are sent other than to prohibit publishers from sending email advertisements to email addresses associated with recipients who have requested to "opt-out" of receiving emails advertising One Technologies. (Ex. 1, Zittlau Decl. at ¶ 12.) It also does not direct any third-party publishers it works with to target California. (*Id.*) Instead, publishers or the other third parties control all aspects of

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

transmitting the emails and make fundamental decisions concerning the emails themselves, including choosing each email's recipient. (Ex. 1, Zittlau Decl. at ¶ 11.)

Further, the email campaigns run by publishers concerning One Technologies are geographically neutral and do not target California citizens over citizens of any other states. (Ex. 1, Zittlau Decl. at ¶ 12.) On top of not deciding to whom the emails are sent and not knowing any given recipient's identity, location, or email address, One Technologies would not even be able to identify the location of any given email recipient because, unlike phone number area codes, email addresses are not connected to any particular geographic location. (Ex. 1, Zittlau Decl. at ¶ 13.) This was a critical factor in *XMission*, where those decisions noted that "[a]lthough email is directed to particular recipients, email addresses typically do not reveal anything about the geographic location of the addressee. Thus, *if the plaintiff does not show that the defendant otherwise knew where the recipient was located, the email itself does not demonstrate purposeful direction* of the message to the forum state, even if that happens to be where the recipient lived." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 845 (10th Cir. 2020) (citing *Shrader v. Biddinger*, 633 F.3d 1235, 1247 (10th Cir. 2011) (rejecting specific jurisdiction over an out-of-state book publisher that sent a mass email with allegedly defamatory content regarding the in-state plaintiff)).

Here, One Technologies has no ability to differentiate California recipients from recipients in any other state, and would not have that ability even if it knew in advance the email addresses to which the emails would be sent. (Ex. 1, Zittlau Decl. ¶ 13.) Accordingly, as in *Durward*, *Zoobuh*, and *XMission*, One Technologies did not purposefully avail itself of the privilege of conducting activities in the forum state, and there is no specific personal jurisdiction over One Technologies in California.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

Dismissing One Technologies for lack of personal jurisdiction also would be consistent with the caselaw holding that merely establishing that advertisements associated with the defendant reached consumers in the forum state is insufficient to establish purposeful availment. *See, e.g.*, *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 156 (D.N.J. 1990) ("In an age of modern advertising and national media publications and markets, plaintiffs' argument that such conduct would make a defendant amenable to suit wherever the advertisements were aired would substantially undermine the law of personal jurisdiction. Courts generally have refused to adopt such a standard and embark on such a course."); *Alsop v. Carolina Custom Prods., Inc.*, No. 07-cv-0212, 2007 U.S. Dist. LEXIS 65679, 2007 WL 2441025, at *7 (C.D. Cal. June 29, 2007) (finding defendant did not purposefully direct its activity at California where company advertised in motorcycle magazines that were nationally distributed); *Cascade Corp. v. HiabFoco AB*, 619 F.2d 36, 37 (9th Cir. 1980) (holding that personal jurisdiction over defendant would offend traditional notions of fair play and substantial justice despite the nonresident defendant advertising its product in national periodicals that circulated in the forum state); *Neuromechanical, LLC v. Kiro Kids Pty. Ltd.*, No. 10-cv-1068, 2011 WL 333337, at *3 (D. Ariz. Jan.31, 2011) (nationwide email advertisements did not constitute "individualized targeting" necessary to establish specific jurisdiction); *Phillips v. Worldwide Internet Sols.*, No. 05-cv5125, 2006 WL 1709189, at *5 (N.D. Cal. June 20, 2006); *Haas v. A.M. King Indus., Inc.*, 28 F. Supp. 2d 644, 650 (D. Utah 1998).

For these reasons, the inquiry into specific personal jurisdiction ends here, and the Court may dismiss plaintiff's complaint on this ground alone.

2. <u>Plaintiff's Claim Does Not Arise out of One Technologies' Scant Forum-Related Activities.</u>

As in *Durward*, plaintiff's claim does not and cannot arise out of One

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

Technologies' forum-related activities because One Technologies did not send the emails at issue. *Burger King v. Rudzewicz*, 471 U.S. 462, 477-78 (1985) (requiring "substantial connection" between defendant's forum contacts and plaintiff's claim); *Durward v. One Technologies*, Case No. 2:19-cv-06371-GW (Ex. A to RJN, at 7; Ex. C to RJN, at 5); *XMission, L.C.*, 955 F.3d at 840 (10th Cir. 2020) ("The arising-out-of component of the test requires courts to ensure that there is an adequate link between the forum State and the claims at issue, regardless of the extent of a defendant's other activities connected to the forum.") (citing *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017)). In fact, One Technologies did not even know about the existence of the emails at issue or plaintiff's identify until plaintiff served a pre-suit settlement demand letter. (Ex. 1, Zittlau Decl. at ¶ 16.)

In dismissing One Technologies in *Durward*, Judge Wu found that the plaintiff's allegations under Section 17529.5 did not arise out of One Technologies' forum-related activities because the plaintiff's claim "ar[ose] from the spam emails she alleges she received, not from any interaction with OneTech's website." Case No. 2:19-cv-06371-GW (Ex. A to RJN, at 9). Thus, "Plaintiff's alleged injury d[id] not arise from any alleged targeting of California consumers by OneTech's website," and "OneTech's website's availability to California customers does not confer specific personal jurisdiction on th[e] Court." *Id*. Accordingly, Judge Wu found that One Technologies' website's availability to California customers also did not confer specific personal jurisdiction because plaintiff's claim arises from the allegedly unlawful spam emails she received, not from any interaction with One Technologies' website.

In reaching this conclusion, Judge Wu noted that the plaintiff's receipt of the challenged emails in California is insufficient to connect One Technologies to California in a way that could confer specific personal jurisdiction over One

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

Technologies. *Id*; *see also Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014) (prohibiting "allow[ing] a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis."). The mere fact that a plaintiff suffered alleged harm in the forum state is insufficient to justify exercising personal jurisdiction over a non-resident defendant. *Id*. Rather, the plaintiff must establish the "defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id*. at 1122. Judge Wu found that plaintiff had not demonstrated that her claims arose out of One Technologies' contacts with California and that specific personal jurisdiction was lacking for this additional reason. (Ex. A to RJN, at 9; Ex. C to RJN, at 5.)

As in *Durward*, the plaintiff here does not claim that he visited One Technologies' website, and his allegations arise out of emails he claims he received from a third party as opposed to any interaction with One Technologies' website or any other forum-related activities. Plaintiff also did not make any purchase from One Technologies, and One Technologies did not obtain any revenue from the offending emails. (Ex. 1, Zittlau Decl. ¶¶ 14, 15.) Accordingly, plaintiff's allegations do not arise out of One Technologies' scant forum-related activities here, and the Court should find specific personal jurisdiction lacking for this independent reason.

Concluding that this Court lacks specific personal jurisdiction over One Technologies would be consistent with other cases reaching the same conclusion on similar facts. In *XMission*, the Tenth Circuit held that even though the defendant allegedly received $3 million in revenue from the state, the revenue came from a source unrelated to the offending emails and the plaintiff had not shown that "any of the revenue is connected in any way to [defendant's] conduct which forms the basis for the allegations in the complaint," there was "no evidence in the record that [defendant] obtained any revenue from any of the offending

emails," and there was "no evidence that any recipient of the offending emails made such a purchase." *XMission*, 955 F.3d at 849-50 (10th Cir. 2020).

Further, as Judge Wu found in *Durward*, advertising nationally does not create sufficient contacts with a state to establish purposeful availment, despite the likelihood that those advertisements would reach consumers in the forum state, and cases in which a website targeting a state's residents suffices to confer personal jurisdiction involve "tortious conduct on a nationally accessible website." (Ex. A to RJN, at 9.)

Thus, this case is unlike those where courts have found personal jurisdiction over a company that has an online presence that directly related to the conduct giving rise to the cause of action. In *Thurston v. Fairfield Collectibles of Georgia, LLC*, the plaintiff sued the defendant because the defendant's website prevented visually impaired users from accessing the site in violation of the California Unruh Act. 53 Cal. App. 5th 1231 (2020). *Thurston* held that "the controversy arises out of [defendant's] contacts with California" because the defendant maintained a virtual store on the Internet and made substantial sales to Californians. *Id*. A close "nexus between a contact and a controversy" existed because the plaintiff alleged the defendant maintained the virtual store in an unlawfully discriminatory manner such that she was prevented from browsing and making purchases. *See id.* at 1241. *Thursten* found that, to confer specific jurisdiction, the controversy must relate to or arise out of defendant's contacts with the forum, and *Thurston* held that the plaintiff's maintenance and sales through that interactive website <u>in conjunction with the fact that plaintiff's underlying claims exclusively arose out of that same website</u> constituted purposeful availment. *Thurston,* 53 Cal. App. at 1237. Stated differently, the plaintiff only had a claim against the defendant because the defendant's website prevented visually impaired users from accessing it, so the court found that the website conferred personal jurisdiction over the defendant. *Id*.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

Consequently, the court found that in addition to a finding of purposeful availment through the defendant's sales from its website, it was also necessary to find that the claim arose from the defendant's forum related conduct. *Durward v. One Technologies*, Case No. 2:19-cv-06371-GW (Ex. A to RJN, at 9) ("The cases in which a website targeting a state's residents suffices to confer personal jurisdiction involve "tortious conduct on a nationally accessible website.") (citing *DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 880 (N.D. Cal. 2012) (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011))).

Likewise, in *Snowney*, the court found specific jurisdiction existed where a nonresident defendant hotel "specifically targeted residents of California" on its website by touting the proximity of the defendants' hotels to California and providing driving directions from California to their hotels. *Snowney v. Harrah's Entm't, Inc.*, 35 Cal. 4th 1054, 1068-69 (2005). The court found exercise of personal jurisdiction proper because plaintiff's causes of action were "premised on alleged omissions [of energy surcharges] during defendants' consummation of transactions with California residents <u>and</u> in their <u>California</u> advertisements." *Id.* Thus, "[b]ecause the harm alleged by plaintiff relate[d] directly to the content of defendants' promotional activities in California, an inherent relationship between plaintiff's claims and defendants' contacts with California exists." *Id*. at 1069.

In contrast, plaintiff's alleged injury here arises from spam emails, rather than visits to One Technologies' website or any sales One Technologies made to him. Under the law, plaintiff must demonstrate that his alleged injuries "arise out of or are related to" One Technologies' activities in the forum state. Plaintiff has not shown such a nexus here, and plaintiff cannot establish that his claim arises out of One Technologies' forum-related activities.

To be sure, the conduct of third-party publishers in allegedly sending emails to this California plaintiff cannot be imputed to One Technologies because One

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

Technologies' publishers are independent contractors that send (or arrange for the sending of) emails and other kinds of advertisements promoting many companies, not just One Technologies. (*See* Ex. 1, Zittlau Decl. ¶ 10; Exhibit A to Zittlau Decl., One Technologies, LLC, Affiliate Network Marketing Agreement ("15. Relationship of the Parties. Each of the parties is an independent contractor under this Agreement. Nothing in this Agreement creates any partnership, joint venture, agency, franchise, sales representative or employment relationship between the parties, and neither party has the power to obligate or bind the other party in any manner whatsoever.")); *Kransco Mfg., Inc. v. Markwitz*, 656 F2d 1376, 1378 (9th Cir. 1981) (foreign defendant is usually not subject to local jurisdiction because of "contacts" by an independent contractor, e.g., a local distributor who handles many products, including those of foreign corporation).

To the extent that plaintiff seeks to establish jurisdiction over One Technologies based upon the activities of publishers, plaintiff bears the burden of setting forth facts sufficient to demonstrate an agency relationship. *Bright v. Primary Source Media*, No. 98-cv-1313, 1998 WL 671247, at *5 (N.D. Cal. Sept. 29, 1998). *See also Campanelli v. Image First Unif. Rental Serv., Inc.*, No. 15-cv-04456, 2016 WL 4729173, at *6 (N.D. Cal. Sept. 12, 2016) (rejecting personal jurisdiction on agency theory where plaintiff did not meet its burden of proving a prima facie case of agency relationship). Accordingly, in *Phillips v. Worldwide Internet Sols.*, the court found that an affiliate marketer sending emails promoting a defendant's website "is not sufficient to show—or even suggest—that [the affiliate marketer] was acting on behalf of [the defendant]." No. 05-cv-5125, 2006 WL 1709189, at *6 n.6 (N.D. Cal. June 20, 2006). *See also Zoobuh, Inc. v. Williams*, No. 2:13-cv-79, 2014 WL 7261786, at *5 (D. Utah Dec. 18, 2014) (rejecting plaintiff's attempt to "impute the actions of [] third-party publishers" onto defendant for personal jurisdiction because there was "no evidence upon which the

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

Court could find an agency relationship" given that defendant "has stated that it has no involvement with or control over the origination, approval, or delivery of the emails."). Consequently, plaintiff cannot show that the publishers' actions can be imputed to One Technologies under these circumstances, and plaintiff has not met the second prong required to find personal jurisdiction.

3. Exercising Jurisdiction over One Technologies Would Offend Traditional Notions of Fair Play and Substantial Justice With Respect to One Technologies and Its Witnesses.

Assuming that plaintiff could establish purposeful availment and that his claim arises out of One Technologies' forum-related activities, the Court should still dismiss One Technologies because the exercise of jurisdiction over it would be unfair and unjust. *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102, 113 (1987) (in making the "reasonableness" determination, courts consider "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief.").

Here, the burden imposed on One Technologies by having to litigate in California is significant. All of One Technologies' documents and witnesses that might be relevant to this action are located in Texas, its principal place of business. (Ex. 1, Zittlau Decl. at ¶ 8.) Next, California's interest in pursuing a Texas limited liability company based in Texas for emails that the company did not direct, control, or even know were sent to a California citizen is minimal. (Ex. 1, Zittlau Decl. at ¶ 12.) Finally, plaintiff's interest in obtaining relief (to the extent she can prove she is entitled to such relief) is unaffected by dismissal because One Technologies does not contend that it cannot be sued anywhere—just not in California under the facts of this case.

Accordingly, exercising jurisdiction over One Technologies would not comport with "traditional notice of fair play and substantial justice." *Cybersell Inc.*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

*v. Cybersell Inc.*, 130 F.3d 414, 415, 418 (9th Cir. 1997) ("so far as [it is] aware, no court has ever held that an Internet advertisement alone is sufficient to subject the advertiser to jurisdiction in the plaintiff's home state").

## V. CONCLUSION

Plaintiff cannot establish general jurisdiction because One Technologies is a Texas limited liability company based in Texas that is not otherwise "at home" in California. Plaintiff cannot establish specific jurisdiction because One Technologies did not send the emails at issue, much less intentionally send them into California or to plaintiff; plaintiff's claims arise from the conduct of a publisher located in Pennsylvania; and exercising jurisdiction would be unfair and unjust under the balancing of the equities. Therefore, the Court should grant One Technologies' motion and dismiss the action under Rule 12(b)(2).

Dated: October 29, 2020

VENABLE LLP

By: /s/ Ari N. Rothman
Ari N. Rothman
Bryan Weintrop
Attorneys for Defendant
One Technologies, LLC