1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VENABLE LLP**
Ari N. Rothman (SBN 296568)
  anrothman@venable.com
Bryan J. Weintrop (SBN 307416)
  bjweintrop@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:   (310) 229-9900
Facsimile:    (310) 229-9901

Attorneys for Defendant
One Technologies, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

| | |
|---|---|
| Aaron Hicks,<br><br>                    Plaintiff,<br><br>          v.<br><br>One Technologies LLC d/b/a<br>Freescore360.com; and DOES 1-100<br>inclusive,<br><br>                    Defendants. | CASE NO. 8:20-cv-01856-DOC-DFM<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS THE COMPLAINT**<br><br>Date:            December 7, 2020<br>Time:           8:30 a.m.<br>Crtrm.:         9D<br><br>Action Filed:   June 12, 2020<br>Removed:       September 23, 2020<br>Trial Date:     None set |

**REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201, defendant One Technologies, LLC hereby respectfully requests that the Court take judicial notice of the following documents in connection with Defendant's Motion to Dismiss the Complaint.

1.     Judge George H. Wu's October 3, 2019, tentative ruling on One Technologies, LLC's motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) in the case *Julia G. Durward v. One Technologies LLC et al.*, Case No. 2:19-cv-06371-GW-AGR, a true and correct copy of which is attached hereto as Exhibit A.

2.     Judge George H. Wu's October 7, 2019, ruling on One Technologies, LLC's motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) in the case *Julia G. Durward v. One Technologies LLC et al.*, Case No. 2:19-cv-06371-GW-AGR, a true and correct copy of which is attached hereto as Exhibit B.

3.     Judge George H. Wu's October 19, 2020, tentative ruling and ruling on motion for reconsideration of order granting One Technologies' motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) in the case *Julia G. Durward v. One Technologies LLC et al.*, Case No. 2:19-cv-06371-GW-AGR, a true and correct copy of which is attached hereto as Exhibit C.

4.     The public docket of the case *Julia G. Durward v. One Technologies LLC et al.*, Case No. 2:19-cv-06371-GW-AGR, a true and correct copy of which is attached hereto as Exhibit D.

5.     The Court should take judicial notice of these documents because they are matters of public record, available in the public realm, and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(1), (c)(2) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

1

1    information."); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6

2    (9th Cir. 2006) (taking judicial notice of documents filed in another lawsuit); *Wendt*

3    *v. Smith*, 273 F. Supp. 2d 1078, 1082 (C.D. Cal. 2003) (taking judicial notice of

4    various opinions of a U.S. district court and unpublished opinions of the Ninth

5    Circuit); *Zargarian v. BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1224 (C.D. Cal.

6    2020) (taking judicial notice of ruling and tentative rulings in other cases).

7        6.      Accordingly, Defendant's request for judicial notice should be granted.

8    Dated:  October 29, 2020                     VENABLE LLP

9

10                                      By:   /s/ Ari N. Rothman

11                                            Ari N. Rothman
                                              Bryan J. Weintrop
12                                      Attorneys for Defendant
                                        One Technologies, LLC

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-6371-GW-AGRx | Date | October 3, 2019 |
|---|---|---|---|
| Title | *Julia G. Durward v. One Technologies LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Terri A. Hourigan | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Ju-In Daniel Jung | Witt W. Chang |
| Thomas V. Anderson | Ari N. Rothman |

**PROCEEDINGS:**   **PLAINTIFF'S MOTION TO REMAND [17];**

**DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2) [9]**

**SCHEDULING CONFERENCE**

The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. For reasons stated on the record, the Motions are TAKEN UNDER SUBMISSION. Court to issue ruling.

The scheduling conference is taken off-calendar.

|  | : | 25 |
|---|---|---|
| Initials of Preparer | JG | |

*Julia G. Durward v. One Technologies LLC, and DOES 1-50 inclusive*; Case No. 2:19-cv-06371-GW
Tentative Rulings on  Motion to Dismiss and Motion to Remand

## I.    Background

Plaintiff Julia Durward sues Defendants One Technologies LLC ("OneTech") and Does 1-50 inclusive for violations of the California Business and Professions Code §§ 17529.5(a)(1) and 17529.5(a)(2) arising from unsolicited emails. *See generally* Complaint, Docket No. 1-1. Plaintiff seeks statutory damages of $1,000 per email, attorneys' fees, and costs. *Id.* ¶ 5.

Plaintiff alleges the following: Plaintiff is an individual residing in Los Angeles County, in California. *Id.* ¶ 7. OneTech is a Delaware limited liability company headquartered in Dallas, Texas. *Id.* ¶ 8. OneTech, which owns and operates several websites, engages numerous third party affiliates (the "advertising affiliates") to advertise for OneTech. *Id.* ¶ 3-4. Defendants or their agents sent at least 90 allegedly unlawful Unsolicited Commercial Emails ("spams") to Plaintiff. *Id.* ¶ 1. OneTech's agents used self-destructing emails to hide both their and OneTech's identities in order to avoid liability for their illegal activities. *Id.* ¶ 2. The advertising affiliates send millions of unlawful commercial emails to recipients that did not give consent to receive them. *Id.* ¶ 4. Many of the emails include false and/or misrepresented headers, such as "from" names and email addresses that misrepresent or hide the identity of the sender. *Id.* ¶ 4. Defendants' emails were designed to trick recipients into opening them. *Id.* ¶ 23. Many of the emails contain remote-hosted images, which Defendants' agents used to "essentially self-destruct the emails after a short period of time, so as to prevent people from making complaints about Defendants and their agents." *Id.* ¶ 26-28. At least 15 of the emails contain third-party domain names belonging to Walmart, Netflix, Ebay, Aliexpress, and Craigslist. *Id.* ¶ 30. The domain names were used without the permission of those entities. *Id.* ¶ 30. Plaintiff received the complained-of emails in a computer located within Los Angeles County. *Id.* ¶ 9.

Plaintiff brought suit in Los Angeles Superior Court, and Defendants removed to this Court. *See generally* Notice of Removal, Docket No. 1. Defendants filed a Motion to Dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). *See generally* Motion to Dismiss ("MTD"), Docket No. 9. Plaintiff opposed, *see* Opposition to Motion to Dismiss ("MTD Opp'n"), Docket No. 19, and Defendant replied, *see* Reply in support of Motion to Dismiss ("MTD Reply"), Docket No. 21. Plaintiff filed a Motion to Remand for "lack of Article III standing." *See* Motion

to Remand ("MTR"), Docket No. 17. Defendant opposed, *see* Opposition to Motion to Remand ("MTR Opp'n"), Docket No. 18, and Plaintiff replied, *see* Reply to Defendant's Opposition to Notice to Remand ("MTR Reply"), Docket No. 25.

## II.    Legal Standard

### A.    Federal Rule of Civil Procedure 12(b)(2)

Federal Rule of Civil Procedure ("Rule") 12(b)(2) allows a court to dismiss a matter for "lack of jurisdiction over the person." When a defendant moves to dismiss for lack of personal jurisdiction, the burden shifts to the plaintiff to establish the court's personal jurisdiction over the defendant. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006); *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003). The plaintiff may meet this burden by making a "prima facie showing of jurisdictional facts." *Pebble Beach*, 453 F.3d at 1154. "Where not directly controverted, plaintiff's version of the facts is taken as true for the purposes of a 12(b)(2) motion to dismiss." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). "[C]onflicts between the facts contained in the parties' affidavits must be resolved in [the defendant's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (quoting *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)).

Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). California permits "[a] court of [the] state [to] exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. C. § 410.10; *Fireman's Fund Ins. Co. v. National Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996) *see also Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (California's statutory limitation is "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court"). A court may exercise personal jurisdiction over a nonresident defendant consistently with due process only so long as there exist "minimum contacts" between the defendant and the forum, such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations and quotations omitted).

Personal jurisdiction may be either general or specific. *See Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 41, nn. 8 & 9 (1984). A defendant is present "generally" in

the forum when its activities in the state are "substantial" or "continuous and systematic." *Sher* 911 F.2d at 1361. Where general jurisdiction does not exist, the Ninth Circuit has established a three-factor test to evaluate whether the court may exercise specific jurisdiction over a defendant:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum state or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must arise out of or result from the defendant's forum-related activity; and/or
>
> (3) the exercise of jurisdiction must be reasonable.

*Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1188 (9th Cir. 2002) (footnote omitted). The first prong of the test may be satisfied by showing that a defendant either purposefully availed itself of the privilege of conducting activities in California, or purposefully directed its activities toward California. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The Ninth Circuit further explained this standard in *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2017):

> "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Walden*, 134 S. Ct. at 1121 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984)) (internal quotation marks omitted). Specifically, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* Our "primary concern" is "the burden on the defendant." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)).
>
> Two principles animate the "defendant-focused" inquiry. *Walden*, 134 S. Ct. at 1122. First, the relationship between the nonresident defendant, the forum, and the litigation "must arise out of contacts that the 'defendant himself' creates with the forum State." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). Second, the minimum contacts analysis examines "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* It follows that "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 1123.

*Axiom*, 874 F.3d at 1068.

## B.  Article III Standing

In order for a court to have subject matter jurisdiction, a plaintiff must have Article III standing to bring a claim. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also*

3

U.S. Const. art. III, § 2. "Standing addresses whether the plaintiff is the proper party to bring the matter to the court for adjudication." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). In order to have constitutional standing, the following elements must be established: (1) the plaintiff must have suffered an "injury in fact," (2) there must be some causal connection between the injury and the conduct complained of, and (3) it must be likely that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61. To establish injury in fact, the alleged invasion of a legally protected interest must be both "concrete and particularized" and "actual or imminent," not "conjectural" or "hypothetical." *Id.* at 560. "[A] plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Even then, Article III standing requires a concrete injury." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 931 (2018) (internal quotation marks, citations and alteration omitted). "To establish such an injury, the plaintiff must allege a statutory violation that caused him to suffer some harm that actually exists in the world; there must be an injury that is real and not abstract or merely procedural." *Id.*

## III. Discussion

### A. Rule 12(b)(2)

#### 1. *General Jurisdiction*

According to the Supreme Court, a corporation may be subject to general jurisdiction in a state only if its contacts with that state are so "continuous and systematic" that it is "essentially at home in the forum State." *Daimler AG v. Bauman*, 134 U.S. 746, 761 (2014). OneTech is a Texas limited liability company with its principal place of business in New York, Flour Fund has its principal place of business in Texas, and all of its members are Texas citizens. *See Zittlau Declaration in Support of MTD* ("Zittlau Decl.") ¶ 2. Plaintiff does not assert that this Court has general jurisdiction over Defendants. *See* Opp'n to MTD, p. 8. Accordingly, this Court concludes that Defendants are not subject to general jurisdiction in California.

#### 2. *Specific Jurisdiction*

As described above, this Court applies a three-prong test for determining whether specific personal jurisdiction exists:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum state or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum state, thereby invoking the

benefits and protections of its laws;

(2) the claim must arise out of or result from the defendant's forum-related activity; and/or

(3) the exercise of jurisdiction must be reasonable.

*Ochoa*, 287 F.3d at 1188. The plaintiff bears the burden of satisfying the first two prongs of the test; if the plaintiff does so, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

Plaintiff claims that the alleged spam emails are "the center of Defendant[s'] consistent, ongoing, and sophisticated sales effort that has always included California." *See* Opp'n to MTD, p. 12. Thus, this Court must next address whether the alleged spam emails advertising OneTech confer specific personal jurisdiction on this Court. The one case to consider a nearly identical question, *Zoobuh, Inc. v. Williams*, No. 2:13–CV–791-TS, 2014 WL 7261786 (D. Utah Dec. 18, 2014) ("*Zoobuh/Williams*"), concluded that such emails did not create the necessary minimum contacts with the forum state to serve as a basis for specific personal jurisdiction. In *Zoobuh/Williams*, the plaintiff, Zoobuh, which provided email, blog, and chat services, sued the defendant, Thrive, a digital marketing company that contracted with third-party publishers to send advertising emails. *See id.* at *1. Zoobuh alleged that Thrive, either directly or through third-party publishers, sent tens of thousands of marketing emails to Zoobuh customers. *See id.* Thrive responded with a declaration stating that the emails at issue were sent by the third-party publishers with whom Thrive had contracted, and that Thrive had "no involvement with, or control over, the origination, approval, or delivery of the emails." *Id.* at *5. Moreover, Thrive asserted that it did not "draft the content of the emails sent by the publishers; review or approve them; know where (i.e., the location or the recipient) the publishers send the emails; or decide the customers to whom the publishers should publish the emails." *Id.* The court in that case found that the emails directed into the forum state did not provide a basis for specific personal jurisdiction, explaining:

> Based upon the evidence presented, the Court cannot find that Defendant Thrive directly took any actions that are the subject of this litigation. Instead, Defendant used third parties who sent the emails of which Plaintiff complains. Plaintiff seeks to impute the actions of these third-party publishers, arguing that they are Defendant's agents or representatives. However, there is no evidence upon which the Court could find an agency relationship. Defendant Thrive has stated that it has no involvement with or control over the origination, approval, or delivery of

the emails. "It does not draft the content of the emails sent by the publishers; review or approve them; know where (i.e., the location or the recipient) the publishers send the emails; or decide the customers to whom the publishers should publish the emails."

Based upon this evidence, there is nothing that would permit the Court to impute the contacts of these third-party publishers to Defendant Thrive. While it is likely that the Court would be able to exercise jurisdiction over the publishers based on the emails they sent into Utah, Plaintiff has provided no basis to allow the Court to exercise jurisdiction over Defendant Thrive. As the Supreme Court has recently emphasized, a defendant's "relationship [with the forum state] must arise out of contacts that the 'defendant himself ' creates with the forum State." [*Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).] The Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." At best, Plaintiff has shown contacts with the third-party publishers and Utah, but has not provided evidence of any minimum contacts between Defendant and the forum state. Therefore, the Court lacks jurisdiction over Defendant Thrive.

*Id.* (footnotes omitted).

The same is true in this case. OneTech has provided a Declaration from its Compliance Manager explaining its email marketing process. *See* Zittlau Decl., ¶¶ 10-13, Docket No. 9-2. Zittlau states that "publishers control all aspects of transmitting the emails and make fundamental decisions concerning the emails themselves, including choosing each email's recipient." *Id.*, ¶ 11.[1] Moreover:

One Technologies also does not decide the recipients of the emails that publishers send. One Technologies does not know, does not direct, and has no control over, where the emails are sent, other than to prohibit publishers from sending email advertisements to email addresses associated with recipients who have requested to "opt-out" of receiving emails advertising One Technologies. One Technologies would not be able to identify the location of any given email recipient because, unlike phone number area codes, email addresses are not connected to any particular geographic location.

---

[1] As set forth in the Zittlau declaration:

10. One Technologies does not send any emails to consumers with whom it does not have an existing or current business relationship. One Technologies relies solely on independent contractors known as "publishers" or "affiliates" to send emails advertising One Technologies' products and services. These publishers send emails advertising multiple companies, and not just One Technologies.

11. One Technologies requires publishers to comply with applicable laws and regulations and follow One Technologies' email compliance policy. However, publishers control all aspects of transmitting the emails and make fundamental decisions concerning the emails themselves, including choosing each email's recipient.

*See* Zittlau Decl., ¶¶ 10-11.

*Id.*, ¶ 12. Plaintiff has not adduced any evidence to dispute those assertions. This case is therefore like *Zoobuh/Williams*, in which emails sent by third-party marketing publishers could not be attributed to the defendant for purposes of establishing purposeful availment for specific personal jurisdiction.[2][3]

This outcome aligns with analogous decisions by courts finding that advertising in nationally-distributed magazines does not create sufficient contacts with a state to establish purposeful availment, despite the likelihood that those advertisements would reach consumers in the forum states. *See, e.g.*, *Neuromechanical, LLC v. Kiro Kids Pty. Ltd.*, 2011 WL 333337, at *3 (D. Ariz. Jan. 31, 2011) (nationally-distributed email advertisements not sufficient to confer specific personal jurisdiction, because "[s]uch nation-wide advertisements d[id] not constitute 'individualized targeting' by Defendants"); *Cascade Corp. v. Hiab-Foco AB*, 619 F.2d 36, 37-38 (9th Cir. 1980) (advertising in national publications, among other contacts, not sufficient to confer specific personal jurisdiction); *Alsop v. Carolina Custom Prods.*, 2007 U.S. Dist. LEXIS 65679, at *20 (C.D. Cal. June 29, 2007) (same). Other cases Plaintiff cites are not persuasive: the Ninth Circuit granted rehearing en banc in *Gator.Com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1078 (9th Cir. 2003), and determined that "[t]he three-judge panel opinion shall not be cited as precedent by or to this court or any district court of the Ninth Circuit, except to the extent adopted by the en banc court." *Gator.com Corp. v. L.L. Bean, Inc.*, 366 F.3d 789 (9th Cir. 2004). *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 773, 104 S. Ct. 1473, 1478 (1984) involved a magazine circulated by the defendant itself, not a third party, as here. And in *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1209 (9th Cir. 2006), the defendants seeking dismissal had obtained orders from a French court directing the plaintiff to take action in California.

---

[2] In *XMission, L.C. v. Click Sales, Inc.*, No. 2:17-CV-1287-DAK, 2019 WL 1574810, at *5 (D. Utah Apr. 11, 2019), the following distinction was drawn between the *Zoobuh/Williams* situation and the scenario in a related *Zoobuh* case where personal jurisdiction was found certain of the relevant emails had in fact been sent by the defendant.

Because this case involves emails sent directly from ClickBank, instead of only emails it may have enabled or encouraged third-party affiliates to send, the case is similar to *Zoobuh, Inc. v. Savicom, Inc.*, Case No. 2:17-cv-1098JNP, 2018 WL 2768665 (D. Utah June 8, 2018), and distinguishable from *Zoobuh, Inc. v. Williams*, Case No. 2:13-cv-791TS, 2014 WL 7261786 (D. Utah Dec. 18, 2014). As in *Savicom*, XMission has alleged that ClickBank directly sent emails to Utah and that some of XMission's CAN-SPAM claims arise out of those emails.

[3] Plaintiff attempts to distinguish *Zoobuh* by arguing that the defendant in that case only derived *de minimis* income from the forum, and OneTech has not alleged that its income from marketing emails in California is similarly *de minimis*. *See* MTD Opp'n, p. 12. However, *Zoobuh* only addressed the portion of the defendant's income that was related to the forum state in its discussion of general jurisdiction, not specific jurisdiction. *See Zoobuh*, 2014 WL 7261786, at *3.

Plaintiff points out that OneTech's website is programmed to accept customers from California. *See* Opp'n to MTD, p. 11. However, even if the fact that OneTech's website accepts customers from California were sufficient to satisfy the first prong of specific personal jurisdiction, it does not satisfy the second. *See Ochoa*, 287 F.3d at 1188. Plaintiff's claim arises from the spam emails she alleges she received, not from any interaction with OneTech's website. The cases in which a website targeting a state's residents suffices to confer personal jurisdiction involve "tortious conduct on a nationally accessible website." *See DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 880 (N.D. Cal. 2012) (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011)). In this case, Plaintiff's alleged injury does not arise from any alleged targeting of California consumers by OneTech's website. Therefore, OneTech's website's availability to California customers does not confer specific personal jurisdiction on this Court.

Plaintiff also alleges that OneTech's partnership with California business Cake Marketing ("Cake") constitutes purposeful availment of the privilege of conducting activities in California. *See* MTD Opp'n, p. 13-14. According to Plaintiff, the links in OneTech's marketing emails route through Cake's systems. *See id.* The Court would find that this, in itself, does not provide the necessary contact between Defendants and California. The minimum contacts analysis examines "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). It is true that "a defendant's contacts with the forum State may be intertwined with his transactions or interactions with . . . other parties. But a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction." *Id.* Nothing in Plaintiff's allegations regarding the alleged partnership between Cake and OneTech indicates that Defendants "invoked the benefits and protections of [California's] laws." *Burger King*, 471 U.S. at 476. The fact alone that OneTech did business with a California company, without, for instance, evidence that the companies signed a contract in California or that the partnership created an ongoing relationship in California related to the distribution of the spam emails, is not enough to demonstrate purposeful availment for the specific jurisdiction analysis. The Court finds that Plaintiff has not established the first prong of the three-prong test for specific personal jurisdiction, *see Ochoa*, 287 F.3d at 1188, and the Court would therefore grant Defendants' Motion to Dismiss.[4]

---

[4] The Court would deny Plaintiff's Motion for Judicial Notice ("MJN"), Docket No. 19-2. The first request is not relevant, because the location of OneTech's founding does not affect the personal jurisdiction analysis. Courts need not grant judicial notice as to irrelevant facts. *See Kuba v. Sea World, Inc.*, 428 F. App'x 728, 732 (9th Cir.

B. <u>Standing</u>

Plaintiff argues that this Court should remand the case to state court based on a lack of Article III standing. *See* MTR, p. 1. She argues only that she lacks standing because she has not alleged an injury in fact. *See generally, id.* According to Plaintiff, the fact that she is only seeking statutory damages, rather than damages for actual harm, demonstrates that she is not alleging an injury in fact. *See id.* p. 6.

This Court is inclined to find that Plaintiff has Article III standing. Plaintiff sues Defendants for allegedly sending unsolicited and misleading commercial emails, in violation of Cal. Bus. & Prof. Code § 17529(a). While "a plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right," "some statutory violations, alone, do establish concrete harm." *Robins*, 867 F.3d at 1112-1113. The inquiry turns on whether the statute codifies a substantive or a procedural right. If the right is substantive, then a plaintiff's allegation of a violation of the statute may be sufficient to confer standing. *See Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983 (9th Cir. 2017).

The Ninth Circuit has found violations of similar statutes, the Telephone Consumer Protection Act (TCPA) and of the Video Privacy Protection Act (VPPA), sufficient *per se* to establish a concrete injury sufficient under Article III. *Id.* (finding violation of VPPA sufficient *per se* to confer standing); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017) (finding sending unwanted text messages in violation of TCPA sufficient *per se* to confer standing). Relevant considerations include "both history and the judgment of [the legislature],"

---

2011). Requests 2-4 state that in 2014 the Federal Trade Commission ("FTC") filed a lawsuit against OneTech in the Northern District of California, alleging that OneTech has customers in San Francisco, and culminating in a stipulated judgment in which OneTech admitted to personal jurisdiction in the Northern District of California. *See* MJN, ¶¶ 2-4. The location in which the previous lawsuit was filed and the allegations in the complaint of that lawsuit do not bear on whether personal jurisdiction exists in this case. And OneTech admitted the facts necessary to establish jurisdiction "[o]nly for the purposes of th[at] action." Zittlau Decl., Exhibit B, p. 2. A court may not take judicial notice of matters that are in dispute or of findings of fact from another case. *See Wyatt v. Terhune*, 315 F.3d 1108, 1114 & n.5 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001). The FTC's decision to file against OneTech in 2014 in the Northern District of California and to allege that OneTech has thousands of customers there does not establish specific personal jurisdiction in this case, and OneTech's concession of jurisdiction in the 2014 case was clearly limited to that case. For the same reason, request 5, asserting that Defendant was sued in the Eastern District of California in 2018 does not indicate that specific personal jurisdiction exists in this case; to the extent Plaintiff hopes this Court will credit the underlying accuracy of that plaintiff's calculation regarding jurisdiction, this Court may not do so. *See id.* Finally, Plaintiff asserts in request 6 that OneTech partners with a California third party, Extole, in connection with its marketing. However, Plaintiff provides no information linking Extole with the alleged spam emails in this case. Without more, request 6 does not provide support for Plaintiff's argument that specific personal jurisdiction exists.

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016), *as revised* (May 24, 2016), and whether every violation of the statute "presents the precise harm and infringes the same [substantive] interests [the legislature] sought to protect by enacting the [statute]," *Van Patten*, 847 F.3d at 1043.

In this case, it is clear that the legislature created a substantive right in Cal. Bus. & Prof. Code § 17529.5(a). The statute prohibits transmission of "(1) [an] e-mail advertisement [that] contains or is accompanied by a third-party's domain name without the permission of the third party"; and "(2) [an] e-mail advertisement [that] contains or is accompanied by falsified, misrepresented, or forged header information." Cal. Bus. & Prof. Code. § 17529.5(a). On its face, therefore, the statute creates substantive, not procedural, restrictions. Moreover, the legislature made specific findings relating to the harms resulting from unsolicited emails, including that:

> (b) The increase in spam is not only an annoyance but is also an increasing drain on corporate budgets and possibly a threat to the continued usefulness of the most successful tool of the computer age.

> (e) Like junk faxes, spam imposes a cost on users, using up valuable storage space in e-mail inboxes, as well as costly computer band width, and on networks and the computer servers that power them, and discourages people from using e-mail.

> (g) Like traditional paper "junk" mail, spam can be annoying and waste time, but it also causes many additional problems because it is easy and inexpensive to create, but difficult and costly to eliminate.

> (h) The "cost shifting" from deceptive spammers to Internet business and e-mail users has been likened to sending junk mail with postage due or making telemarketing calls to someone's pay-per-minute cellular phone.

> (i) Many spammers have become so adept at masking their tracks that they are rarely found, and are so technologically sophisticated that they can adjust their systems to counter special filters and other barriers against spam and can even electronically commandeer unprotected computers, turning them into spam-launching weapons of mass production.

Cal. Bus. & Prof. Code. § 17529. Findings (e) and (h) explicitly analogize the injuries caused by spam emails to injuries caused by violations of the TCPA, which the Ninth Circuit has found to create a concrete injury sufficient to confer standing.[5] *Van Patten*, 847 F.3d at 1043. "The legislative findings support the conclusion that Cal. Bus. & Prof. Code § 17529.5 codifies a substantive right to be protected from spam, and that a person who is the subject of a violation of

---

[5] Plaintiff's arguments that she does not have an injury because she "never alleges that she was deceived by the complained of spam" are unavailing. MTR Reply, p. 2. "Like the VPPA and the TCPA, Cal. Bus. & Prof. Code. § 17529.5(a) 'identifies a substantive right that suffers *any time*' a prohibited spam message is transmitted." *Silverstein*, 2018 WL 5795776, at *9 (quoting *Eichenberger*, 876 F.3d at 983). Thus, the injury occurs when the individual receives the spam message; reliance on the deceptive content is not required to create an injury.

that right sustains injuries including lost productivity and resources, annoyance, consumption of valuable digital storage space and financial costs." *Silverstein v. Keynetics, Inc.*, 2018 WL 5795776, at *9 (C.D. Cal. Nov. 5, 2018). Because Plaintiff has alleged that Defendants sent her unwanted and deceptive spam emails, in violation of Cal. Bus. & Prof. Code. § 17529.5(a), she has alleged sufficient injury to confer standing. Therefore, the Court is inclined to deny Plaintiff's Motion to Remand for lack of Article III standing.

## IV.    Conclusion

Based on the foregoing discussion, the Court would **GRANT** the Motion to Dismiss and **DENY** the Motion to Remand.

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-6371-GW-AGRx | Date | October 7, 2019 |
|---|---|---|---|
| Title | *Julia G. Durward v. One Technologies LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** **IN CHAMBERS - FINAL RULING ON:**

**PLAINTIFF'S MOTION TO REMAND [17];**

**DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2) [9]**


The court adopts its 10/3/2019 tentative rulings on Defendants' Motion to Dismiss and Plaintiff's Motion to Remand (*see* Docket No. 29) as its final decision. The Motion to Dismiss for lack of personal jurisdiction is granted and the Motion to Remand is denied. The Court sets a status conference on October 10, 2019 to discuss any further proceedings in this litigation. The parties can appear telephonically with advance notice to the court clerk.

|  | : |
|---|---|
| Initials of Preparer | JG |

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-6371-GW-AGRx | Date | October 19, 2020 |
|---|---|---|---|
| Title | *Julia G. Durward v. One Technologies LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Terri A. Hourigan | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Ju-In Daniel Jung | Ari N. Rothman |
| | Witt W. Chang |
| | Bryan J. Weintrop |

**PROCEEDINGS:** **TELEPHONIC HEARING ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS MOTION TO DISMISS [62]**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court would DENY the Motion for Reconsideration.

| | : | 15 |
|---|---|---|
| Initials of Preparer | JG | |

*Julia G. Durward v. One Technologies LLC, et al.*; Case No. 2:19-cv-06371-GW-(AGRx)
Tentative Ruling on Motion for Reconsideration of Order Granting Defendant's Motion to Dismiss

## I.    Background

Plaintiff Julia Durward sued Defendants One Technologies LLC ("OneTech") and Does 1-50 inclusive for violations of the California Business and Professions Code § 17529.5(a)(1) and (2).  *See generally* Complaint, Docket No. 1-1.  Plaintiff is an individual residing in California.  *Id.* ¶ 7.  OneTech is a Delaware limited liability company headquartered in Dallas, Texas.  *Id.* ¶ 8.  Plaintiff seeks statutory damages of $1,000 per email, plus attorneys' fees and costs.  *Id.* ¶ 5.  Plaintiff alleges that Defendant "engages numerous third party advertising networks and affiliates (also known as 'publishers') to advertise for OneTech. Plaintiff is informed and believes and thereon alleges that some of these affiliates send millions of unwanted and unlawful commercial e-mail messages to recipients that did not give consent to receive them." *Id.* ¶ 4.

Plaintiff brought suit in Los Angeles Superior Court, and Defendant OneTech removed to this Court.  *See generally* Notice of Removal, Docket No. 1.  On October 7, 2019, the Court granted Defendant's motion to dismiss for lack of personal jurisdiction,[1] and denied Plaintiff's motion to remand for lack of Article III standing.  *See* Amended Minutes, Docket No. 31; *see also* Minutes of Plaintiff's Motion to Remand and Defendant's Motion to Dismiss ("MTD Ruling"), Docket No. 29.  On December 19, 2019, the Court granted Plaintiff's motion for leave to conduct limited jurisdictional discovery.  *See* Minutes of Plaintiff's Motion for Jurisdictional Discovery, Docket No. 43.  The parties filed a stipulated protective order on April 1, 2020.  *See* Stipulated Protective Order, Docket No. 57.  In light of Defendant's jurisdictional discovery responses, Plaintiff now requests that the Court reconsider its order granting Defendant's motion to dismiss.  *See* Motion for Reconsideration ("Motion"), Docket No. 63.  Defendant opposes, *see* Opposition to Motion for Reconsideration ("Opp'n"), Docket No. 64, and Plaintiff replies, *see*

---

[1] This Court concluded that Plaintiff's allegation was that Defendant had hired "publishers/affiliates" who sent out the emails (including the ones received by Plaintiff); but Defendant had established that the "publishers control all aspects of transmitting the emails and make fundamental decisions concerning the emails themselves, including choosing each email's recipient."  *See* MTD Ruling at 6, Docket No. 29.  It was held that the "emails sent by third-party marketing publishers could not be attributed to the defendant for purposes of establishing purposeful availment for specific personal jurisdiction."  *Id.* at 7.

Reply in Support of Motion for Reconsideration ("Reply"), Docket No. 65. With the Court's permission, Defendant has filed a sur-reply. *See* Order Granting Defendant's Application for Leave to File Sur-Reply, Docket No. 68; Sur-Reply in Opposition to Motion for Reconsideration ("Sur-Reply"), Docket No. 69.

## II. Legal Standard

"A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment[.]" *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005) (Ginsburg, J., dissenting on other grounds) (internal quotations omitted); see also Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). This district's local rules impose the following standard on parties bringing motions for reconsideration:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7-18.

## III. Discussion

Plaintiff requests that the Court reconsider its order dismissing the case for lack of jurisdiction, and only seeks to establish specific personal jurisdiction, rather than general personal jurisdiction. *See* Reply at 5. The Court applies a three-prong test for determining whether specific personal jurisdiction exists:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum state or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of or result from the defendant's forum-related activity; and/or [sic] (3) the exercise of jurisdiction must be reasonable.

*Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1188-89 (9th Cir. 2002) (footnote omitted). Plaintiff bears the burden of satisfying the first two prongs of the test; if Plaintiff does

2

so, "the burden then shifts to Defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

This Court granted Defendant's motion to dismiss on the grounds that Plaintiff did not establish the first prong of this test: purposeful availment. *See* MTD Ruling at 8. Plaintiff brings her motion for reconsideration based on "the amount of Defendant's revenue and number of Defendant's members" that Defendant produced in response to Plaintiff's jurisdictional discovery requests. *See* Motion at 5. Plaintiff argues that "[t]he recently provided jurisdictional discovery establishes that Defendant not only purposefully availed itself of California jurisdiction by creating a relationship that drew an average of 144,075 new California members per year, and ratified the actions of these affiliates sending the emails by paying them for new California members." *See id.* Plaintiff notes that "Defendant is a Texas LLC that makes $16,636,062 per year from its average of 144,075 members in California, more than any other state in the country, including its home state of Texas," and that "California is the most profitable state for Defendant and its largest market." *See id.* at 6; *see also* Declaration of J. Daniel Jung in Support of Motion for Reconsideration ("Jung Decl."), Docket No. 63-1, Exh. A. Plaintiff contends that this new information shows that Defendant "intentionally availed itself of California, by programming its web site to successfully solicit on average 144,075 California members each year," and "had its agents send emails which directed recipients to Cake Marketing, a California business which manages [Defendant's] affiliates. *See* Motion at 6.

The Court agrees with Defendant's argument that this new information only confirms that Defendant "does not target California any more than it targets any other jurisdiction." *See* Opp'n at 8. Plaintiff argues that Defendant makes about 12% of its total revenue from its California members, and Defendant's California members make up about 10% of its member base. *See* Motion at 7; Jung Decl., Exh. A. However, as Defendant notes, the discovery it provided Plaintiff shows that California comprises less than 10% of Defendant's total customer base and sales, even though California comprises approximately 12% of the United States population. *See* Opp'n at 8; Jung Decl., Exh. A. Defendant contends that these statistics do not establish that Defendant targeted California over other states because if Defendant did target California over other states, "its sales into California as an overall percentages of its nationwide sales would have been greater – not less – than California's population as a percentage of the overall U.S.

3

population." *See* Opp'n at 9.  At the very least, the numbers do not show that Defendant targeted California over any other state.  The Court reiterates the authorities it cited in its ruling granting Defendant's motion to dismiss, which held that advertising on a national scale does not create sufficient contacts with a state to establish purposeful availment, despite the likelihood that those advertisements would reach consumers in the forum states.  *See* MTD Ruling at 7 (citing cases).

Further, Plaintiff's claim arises from the spam emails she alleges she received, not from any sales Defendant made to her.  *See generally* Complaint.  Thus, statistics about Defendant's sales are unrelated to Plaintiff's claims, and any sales to California customers do not confer specific personal jurisdiction on this Court.  *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State.").

Plaintiff cites *Thurston v. Fairfield Collectibles of Georgia, LLC*, 53 Cal. App. 5th 1231 (2020) in her reply brief, noting the California court of appeal held "that only 8% of a foreign company's income from California, through its web site, is sufficient to establish specific jurisdiction on a foreign company under the California Unruh Civil Rights Act."  *See* Reply at 2-3.  However, *Thurston* is not analogous.  The plaintiff in *Thurston* sued the defendant because the defendant's website prevented visually impaired users from accessing the site.  *See Thurston*, 53 Cal. App. 5th at 1234.  The *Thurston* court held that "the controversy arises out of [defendant's] contacts with California" because the defendant maintained a virtual store on the Internet and made substantial sales to Californians.  There was a close "nexus between a contact and a controversy" because the plaintiff alleged the defendant maintained the virtual store in an unlawfully discriminatory manner such that she was prevented from browsing and making purchases.  *See id.* at 1241.  Here, Plaintiff's alleged injury arises from spam emails, rather than visits to Defendant's website or any sales Defendant made to her.  *See generally* Complaint.  Thus, statistics about Defendant's sales are unrelated to Plaintiff's claims.  *See* Sur-Reply at 2.  As the *Thurston* court reiterated, in order to confer specific jurisdiction, the controversy must relate to or arise out of defendant's contacts with the forum.  *See Thurston*, 53 Cal. App. at 1237.  Plaintiff has not shown such a nexus here.

Plaintiff's remaining arguments improperly repeat her arguments made in opposition to Defendant's motion to dismiss, without new facts or law.  For example, in response to Plaintiff's contention that "Defendants can choose which states that can and cannot receive emails and also

read and confirm all emails being sent," *see* Motion at 8, the Court held that these emails, sent by third-party marketing publishers, could not be attributed to Defendant for purposes of establishing purposeful availment for specific personal jurisdiction. *See* MTD Ruling at 6-7. The Court also rejected Plaintiff's argument that Defendants "ha[d] its agents send emails which directed recipients to Cake Marketing, a California business which manages [Defendant's] affiliates," *see* Motion at 6, by finding that the fact that the links in Defendant's marketing emails route through Cake Marketing's systems "does not provide the necessary contact between Defendants and California." *See* MTD Ruling at 8; *see also Walden*, 571 U.S. at 285 (holding that the minimum contacts analysis examines "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there"). Plaintiff's arguments thus run afoul of Local Rule 7-18, which prohibits repeated arguments made in support of the original motion.

Similarly, Plaintiff improperly cites *Silverstein v. E360 Insight, LLC*, No. CV 07-2835 CAS (VBKx), 2007 U.S. Dist. LEXIS 57695, at *15 (C.D. Cal. Aug. 6, 2007), as a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also* Motion at 9. Nevertheless, as Defendant notes, in *Silverstein*, the court found a direct connection between the source of the offending emails and the defendant, whereas here, Plaintiff has not provided any such evidence. *See Silverstein*, 2007 U.S. Dist. LEXIS 57695, at *15-16; *see also* Opp'n at 11.

Plaintiff thus has not provided new information that would change the Court's order granting Defendant's motion to dismiss for lack for jurisdiction.

## IV.    Conclusion

Based on the foregoing discussion, the Court would **DENY** the Motion for Reconsideration.

# EXHIBIT D

ACCO,(AGRx),DISCOVERY,MANADR,PROTORD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division – Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:19–cv–06371–GW–AGR

| | |
|---|---|
| Julia G. Durward v. One Technologies LLC et al | Date Filed: 07/23/2019 |
| Assigned to: Judge George H. Wu | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Alicia G. Rosenberg | Nature of Suit: 360 P.I.: Other |
| Case in other court:  Los Angeles County Superior Court, 19STCV21081 | Jurisdiction: Diversity |
| Cause: 28:1332 Diversity–Petition for Removal | |

**Plaintiff**

| | | |
|---|---|---|
| **Julia G. Durward** | represented by | **Ju–In Daniel Jung**<br>Anderson and Jung<br>21600 Oxnard Street Suite 1030<br>Woodland Hills, CA 91367<br>323–203–8447<br>Email: daniel@andersonjung.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Thomas Valfrid Anderson**<br>Anderson and Jung<br>21600 Oxnard Street Suite 1030<br>Woodland Hills, CA 91367<br>323–203–8447<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **One Technologies LLC** | represented by | **Witt W Chang**<br>Venable LLP<br>2049 Century Park East Suite 2300<br>Los Angeles, CA 90067<br>310–229–9900<br>Fax: 310–229–9901<br>Email: wchang@venable.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Bryan J Weintrop**<br>Venable LLP<br>2049 Century Park East Suite 2300<br>Los Angeles, CA 90067<br>310–229–9900<br>Fax: 310–229–9901<br>Email: bjweintrop@venable.com<br>*ATTORNEY TO BE NOTICED* |
| | | **Ari N Rothman**<br>Venable LLP<br>2049 Century Park East, Suite 2300<br>Los Angeles, CA 90067<br>310–229–9900<br>Fax: 310–229–9901<br>Email: ANRothman@venable.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Does**
*1–50, inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/23/2019 | 1 | NOTICE OF REMOVAL from Los Angeles County Superior Court, case number 19STCV21081 Receipt No: 0973–24135047 – Fee: $400, filed by Defendant One Technologies LLC. (Attachments: # 1 Exhibit 1 to Notice of Removal – Complaint, # 2 Exhibit 2 to Notice of Removal – Summons, # 3 Exhibit 3 to Notice of Removal – Civil Case Cover Sheet, # 4 Exhibit 4 to Notice of Removal – Notice of Case Assignment) (Attorney Ari N. Rothman added to party One Technologies LLC(pty:dft))(Rothman, Ari) (Entered: 07/23/2019) |
| 07/23/2019 | 2 | CIVIL COVER SHEET filed by Defendant One Technologies LLC. (Rothman, Ari) (Entered: 07/23/2019) |
| 07/23/2019 | 3 | CERTIFICATION AND NOTICE of Interested Parties filed by Defendant One Technologies LLC, identifying Sanjay Baskaran (Member of One Technologies); Alex Chang (Member of One Technologies); Roger Chang (Member of One Technologies); Mark Henry (Member of One Technologies); Jamie Schultz (Member of One Technologies). (Rothman, Ari) (Entered: 07/23/2019) |
| 07/23/2019 | 4 | CORPORATE DISCLOSURE STATEMENT filed by Defendant One Technologies LLC (Rothman, Ari) (Entered: 07/23/2019) |
| 07/23/2019 | | CONFORMED COPY OF COMPLAINT filed by Plaintiff Julia G. Durward in Los Angeles Superior Court on 6/17/2019, attached as Exhibit 1. (jtil) (Entered: 07/24/2019) |
| 07/24/2019 | 6 | NOTICE OF ASSIGNMENT to District Judge George H. Wu and Magistrate Judge Alicia G. Rosenberg. (jtil) (Entered: 07/24/2019) |
| 07/24/2019 | 7 | NOTICE TO PARTIES OF COURT–DIRECTED ADR PROGRAM filed. (jtil) (Entered: 07/24/2019) |
| 07/24/2019 | 8 | PROOF OF SERVICE filed by Defendant One Technologies LLC, re Notice of Assignment to United States Judges(CV–18) – optional html form 6 , Notice to Parties of Court–Directed ADR Program (ADR–8) – optional html form 7 served on July 24, 2019. (Rothman, Ari) (Entered: 07/24/2019) |
| 07/30/2019 | 9 | NOTICE OF MOTION AND MOTION to Dismiss Complaint *for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)2* filed by Defendant One Technologies LLC. Motion set for hearing on 8/29/2019 at 08:30 AM before Judge George H. Wu. (Attachments: # 1 Declaration of Witt Chang in Support of Defendant One Technologies, LLC's Motion to Dismiss Complaint for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2), # 2 Declaration of Astra Zittlau in Support of Defendant One Technologies, LLC's Motion to Dismiss Complaint for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2), # 3 Proposed Order Granting Defendant One Technologies, LLC's Motion to Dismiss) (Chang, Witt) (Entered: 07/30/2019) |
| 07/31/2019 | 10 | Standing Order Re Final Pre–Trial Conferences for Civil Jury Trials Before Judge George H. Wu by Judge George H. Wu. (lom) (Entered: 07/31/2019) |
| 07/31/2019 | 11 | MINUTE ORDER IN CHAMBERS – ORDER SETTING SCHEDULING CONFERENCE by Judge George H. Wu. (Rule 26 Meeting Report due by 8/26/2019. Scheduling Conference set for 9/9/2019 at 08:30 AM before Judge George H. Wu.) (mrgo) (Entered: 07/31/2019) |
| 08/05/2019 | 12 | TEXT–ONLY ENTRY – IN CHAMBERS: by Judge George H. Wu: The Court, on its own motion, CONTINUES DEFENDANT ONE TECHNOLOGIES, LLCS MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2) 9 previously scheduled for 08/29/2019 to 9/9/2019 at 08:30 AM before Judge George H. Wu. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (jag) TEXT ONLY ENTRY (Entered: 08/05/2019) |

| 08/15/2019 | 13 | NOTICE of Interested Parties filed by Plaintiff Julia G. Durward, (Jung, Ju–In) (Entered: 08/15/2019) |
|---|---|---|
| 08/15/2019 | 14 | STIPULATION to Continue Motion to Dismiss and scheduling conference from September 9, 2019 to October 3, 2019 Re: Minutes of In Chambers Order/Directive – no proceeding held, Set/Reset Deadlines/Hearings 11 , Text Only Scheduling Notice, 12 , NOTICE OF MOTION AND MOTION to Dismiss Complaint *for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)2 9* filed by Plaintiff Julia G. Durward. (Attachments: # 1 Proposed Order)(Jung, Ju–In) (Entered: 08/15/2019) |
| 08/15/2019 | 15 | DECLARATION of J. Daniel Jung re Stipulation to Continue, 14 *in support of Stipulation to continue.* filed by Plaintiff Julia G. Durward. (Jung, Ju–In) (Entered: 08/15/2019) |
| 08/19/2019 | 16 | ORDER by Judge George H. Wu, Granting Stipulation to Continue Defendant's Motion to Dismiss Under FRCP 12(b)(2) and the Court's Scheduling Conference 14 . Motion hearing continued to 10/3/2019 at 08:30 AM before Judge George H. Wu., Rule 26 Meeting Report due by 9/19/2019., Scheduling Conference continued to 10/3/2019 at 08:30 AM before Judge George H. Wu., Responses due by 9/12/2019, Replies due by 9/19/2019. (twdb) (Entered: 08/19/2019) |
| 08/27/2019 | 17 | NOTICE OF MOTION AND MOTION to Remand Case to Los Angeles Superior Court filed by Plaintiff Julia G. Durward. Motion set for hearing on 10/3/2019 at 08:30 AM before Judge George H. Wu. (Attachments: # 1 Declaration of J. Daniel Jung in Support of Motion to Remand, # 2 Proposed Order) (Jung, Ju–In) (Entered: 08/27/2019) |
| 09/12/2019 | 18 | Opposition re: NOTICE OF MOTION AND MOTION to Remand Case to Los Angeles Superior Court 17 filed by Defendant One Technologies LLC. (Rothman, Ari) (Entered: 09/12/2019) |
| 09/12/2019 | 19 | Opposition Opposition re: NOTICE OF MOTION AND MOTION to Dismiss Complaint *for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)2 9* filed by Plaintiff Julia G. Durward. (Attachments: # 1 Declaration of William G. Silverstein in Support of Opposition to Motion to Dismiss, # 2 Plaintiff's Request For Judicial Notice, # 3 Declaration of Julia G. Durward In Support of Opposition to Motion to Dismiss)(Jung, Ju–In) (Entered: 09/12/2019) |
| 09/19/2019 | 20 | Joint STIPULATION File confidential information Under Seal filed by defendant One Technologies LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Proposed Order)(Rothman, Ari) (Entered: 09/19/2019) |
| 09/19/2019 | 21 | REPLY in support of NOTICE OF MOTION AND MOTION to Dismiss Complaint *for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)2 9* filed by Defendant One Technologies LLC. (Rothman, Ari) (Entered: 09/19/2019) |
| 09/19/2019 | 22 | *Defendant One Technologies, LLC's Opposition to Plaintiff's Request for Judicial Notice* re: Objection/Opposition (Motion related), 19 (Rothman, Ari) (Entered: 09/19/2019) |
| 09/19/2019 | 23 | *Defendant One Technologies, LLC's Objections to Declarations of William G. Silverstein and Julia G. Durward* re: Objection/Opposition (Motion related), 19 (Rothman, Ari) (Entered: 09/19/2019) |
| 09/19/2019 | 24 | JOINT REPORT Rule 26(f) Discovery Plan ; estimated length of trial 7 days, filed by Defendant One Technologies LLC.. (Rothman, Ari) (Entered: 09/19/2019) |
| 09/19/2019 | 25 | REPLY to Defendant's opposition NOTICE OF MOTION AND MOTION to Remand Case to Los Angeles Superior Court 17 filed by Plaintiff Julia G. Durward. (Jung, Ju–In) (Entered: 09/19/2019) |
| 09/20/2019 | 26 | ORDER GRANTING JOINT STIPULATION TO SEAL CONFIDENTIAL INFORMATION FILED BY PLAINTIFF by Judge George H. Wu, re Stipulation to Seal 20 . 1. The clerk of court is hereby directed to seal plaintiff's opposition to One Technologies' motion to dismiss (Dkt. No. 19) and declaration of William G. Silverstein (Dkt. No. 19–1); and 2. The redacted versions of the documents to be filed under seal, filed with the stipulation as Exhibit A and Exhibit B, are deemed filed as Plaintiff's response to One Technologies' motion to dismiss (Dkt. No. 9). (mrgo) |

| | | (Entered: 09/25/2019) |
|---|---|---|
| 09/26/2019 | 27 | *Plaintiffs Response to Defendants Objections to Evidence* re: Miscellaneous Document 23 (Jung, Ju–In) (Entered: 09/26/2019) |
| 09/26/2019 | 28 | Response to Defendant's Opposition to Plaintiff's Request for Judicial Notice filed by Plaintiff Julia G. Durward re: Miscellaneous Document 22 (Jung, Ju–In) (Entered: 09/26/2019) |
| 10/03/2019 | 29 | MINUTES OF PLAINTIFF'S MOTION TO REMAND 17 ; DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2) 9 ; SCHEDULING CONFERENCE Hearing held before Judge George H. Wu. The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. For reasons stated on the record, the Motions are TAKEN UNDER SUBMISSION. Court to issue ruling. The scheduling conference is taken off–calendar. Court Reporter: Terri A. Hourigan. (mrgo) (Entered: 10/07/2019) |
| 10/07/2019 | 30 | MINUTES (IN CHAMBERS)– FINAL RULING ON: PLAINTIFF'S MOTION TO REMAND 17 ; DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2) 9 by Judge George H. Wu. The court adopts its 10/3/2019 tentative rulings on Defendants' Motion to Dismiss and Plaintiff's Motion to Remand (see Docket No. 29) as its final decision. The Motion to Dismiss for lack of personal jurisdiction is granted and the Motion to Remand is denied. The Court sets a status conference on October 10, 2019 to discuss any further proceedings in this litigation. The parties can appear telephonically with advance notice to the court clerk. (mrgo) (Entered: 10/07/2019) |
| 10/07/2019 | 31 | AMENDED MINUTES held before Judge George H. Wu re: Order on Motion to Dismiss, Order on Motion to Remand Case to State Court, 30 . The Court sets a status conference on October 10, 2019 at 8:30 a.m. to discuss any further proceedings in this litigation. (mrgo) (Entered: 10/09/2019) |
| 10/10/2019 | 32 | MINUTES OF TELEPHONIC CONFERENCE held before Judge George H. Wu. The Court will allow Plaintiff to request specific discovery by October 18, 2019. Counsel will meet and attempt to resolve discovery issues. If not resolved, Plaintiff will file her discovery motion by October 18, 2019. A status conference is set for November 7, 2019 at 8:30 a.m. Court Reporter: Terri A. Hourigan. (mrgo) (Entered: 10/15/2019) |
| 10/18/2019 | 33 | NOTICE OF MOTION AND MOTION to For Jurisdictional Discovery filed by Plaintiff Julia G. Durward. Motion set for hearing on 12/19/2019 at 08:30 AM before Judge George H. Wu. (Attachments: # 1 Declaration of J. Daniel Jung in Support of Motion, # 2 Proposed Order) (Jung, Ju–In) (Entered: 10/18/2019) |
| 11/07/2019 | 34 | MINUTES OF STATUS CONFERENCE held before Judge George H. Wu. Counsel are set to return on December 19, 2019 for Plaintiff's Motion for Leave to Do Jurisdictional Discovery 33 . Court Reporter: Terri A. Hourigan. (mrgo) (Entered: 11/08/2019) |
| 11/27/2019 | 35 | Opposition re: NOTICE OF MOTION AND MOTION to For Jurisdictional Discovery 33 *Defendant's Opposition to Plaintiff's Motion for Leave to do Jurisdictional Discovery* filed by Defendant One Technologies LLC. (Rothman, Ari) (Entered: 11/27/2019) |
| 12/05/2019 | 36 | REPLY in support of NOTICE OF MOTION AND MOTION to For Jurisdictional Discovery 33 filed by Plaintiff Julia G. Durward. (Jung, Ju–In) (Entered: 12/05/2019) |
| 12/10/2019 | 37 | Notice of Appearance or Withdrawal of Counsel: for attorney Bryan J Weintrop counsel for Defendant One Technologies LLC. Adding Bryan J. Weintrop as counsel of record for One Technologies LLC for the reason indicated in the G–123 Notice. Filed by defendant One Technologies LLC. (Attorney Bryan J Weintrop added to party One Technologies LLC(pty:dft))(Weintrop, Bryan) (Entered: 12/10/2019) |
| 12/10/2019 | 38 | TRANSCRIPT ORDER as to defendant One Technologies LLC for Court Reporter. (Weintrop, Bryan) (Entered: 12/10/2019) |

| 12/13/2019 | 39 | TRANSCRIPT for proceedings held on 10/03/2019 8:30 a.m.. Court Reporter/Electronic Court Recorder: Terri Hourigan, phone number hourigan.terri@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 1/3/2020. Redacted Transcript Deadline set for 1/13/2020. Release of Transcript Restriction set for 3/12/2020. (Hourigan, Terri) (Entered: 12/13/2019) |
|---|---|---|
| 12/13/2019 | 40 | NOTICE OF FILING TRANSCRIPT filed for proceedings 10/03/2019 8:30 a.m. re Transcript 39 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Hourigan, Terri) TEXT ONLY ENTRY (Entered: 12/13/2019) |
| 12/13/2019 | 41 | TRANSCRIPT for proceedings held on 10/10/2019 8:30 a.m.. Court Reporter/Electronic Court Recorder: Terri Hourigan, phone number hourigan.terri@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 1/3/2020. Redacted Transcript Deadline set for 1/13/2020. Release of Transcript Restriction set for 3/12/2020. (Hourigan, Terri) (Entered: 12/13/2019) |
| 12/13/2019 | 42 | NOTICE OF FILING TRANSCRIPT filed for proceedings 10/10/2019 8:30 a.m. re Transcript 41 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Hourigan, Terri) TEXT ONLY ENTRY (Entered: 12/13/2019) |
| 12/19/2019 | 43 | MINUTES OF PLAINTIFF'S MOTION FOR LEAVE TO DO JURISDICTIONAL DISCOVERY 33 Hearing held before Judge George H. Wu. The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. Based on the Tentative, and for reasons stated on the record, Plaintiff's Motion is GRANTED. The Court sets a status conference for February 6, 2020 at 8:30 a.m., with a joint status report to be filed by noon on February 3, 2020. Court Reporter: Terri A. Hourigan. (mrgo) (Entered: 12/23/2019) |
| 12/31/2019 | 44 | Joint STIPULATION to Continue Status Conference from February 6, 2020 to February 13, 2020 filed by Defendant One Technologies LLC.(Rothman, Ari) (Entered: 12/31/2019) |
| 01/02/2020 | 45 | NOTICE OF LODGING filed re Stipulation to Continue 44 (Attachments: # 1 Proposed Order Proposed Order re Joint Stip to Continue Status Conference)(Rothman, Ari) (Entered: 01/02/2020) |
| 01/07/2020 | 46 | ORDER RE JOINT STIPULATION TO CONTINUE STATUS CONFERENCE by Judge George H. Wu, Upon Stipulation to Continue 44 . The status conference currently set for 2/6/ 2020 at 8:30 a.m. is continued to 2/13/20 at 8:30 a.m. with the joint status report still to be filed by the parties on 2/3/2020. (et) (Entered: 01/07/2020) |
| 01/14/2020 | 47 | TRANSCRIPT ORDER as to defendant One Technologies LLC for Court Reporter. Court will contact Raquel L. Rubio at RLRubio@venable.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (Chang, Witt) (Entered: 01/14/2020) |
| 02/01/2020 | 48 | TRANSCRIPT for proceedings held on 12/19/2019 8:30 a.m.. Court Reporter/Electronic Court Recorder: Terri Hourigan, phone number hourigan.terri@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 2/24/2020. Redacted Transcript Deadline set for 3/3/2020. Release of Transcript Restriction set for 5/1/2020. (Hourigan, Terri) (Entered: 02/01/2020) |
| 02/01/2020 | 49 | NOTICE OF FILING TRANSCRIPT filed for proceedings 12/19/2019 8:30 a.m. re Transcript 48 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Hourigan, Terri) TEXT ONLY ENTRY (Entered: 02/01/2020) |
| 02/03/2020 | 50 | STATUS REPORT Re Jurisdictional Discovery filed by Defendant One Technologies LLC. (Rothman, Ari) (Entered: 02/03/2020) |

| 02/03/2020 | 51 | STATUS REPORT *Re Jurisdictional Discovery* filed by Plaintiff Julia G. Durward. (Jung, Ju–In) (Entered: 02/03/2020) |
| 02/13/2020 | 52 | MINUTES OF STATUS CONFERENCE held before Judge George H. Wu. Court and counsel confer re jurisdictional discovery issues. The Court orders counsel to confer and attempt to resolve. Matter is placed on second call. Case is recalled. Counsel resolve the issues and will file a protective order. The Court continues the status conference for April 2, 2020 at 8:30 a.m. Counsel are to file a one–page joint status report by noon on March 31, 2020. Court Reporter: Terri A. Hourigan. (lom) (Entered: 02/18/2020) |
| 02/26/2020 | 53 | Joint STIPULATION to Continue Status Conference from April 2, 20202 to April 23, 2020 filed by defendant One Technologies LLC. (Attachments: # 1 Proposed Order)(Rothman, Ari) (Entered: 02/26/2020) |
| 02/26/2020 | 54 | NOTICE OF LODGING filed re Stipulation to Continue 53 (Attachments: # 1 Proposed Order)(Rothman, Ari) (Entered: 02/26/2020) |
| 02/26/2020 | 55 | STIPULATION for Protective Order filed by defendant One Technologies LLC.(Rothman, Ari) (Entered: 02/26/2020) |
| 02/27/2020 | 56 | ORDER RE JOINT STIPULATION TO CONTINUE STATUS CONFERENCE by Judge George H. Wu, re Stipulation for Protective Order 55 . (Status Report due by 4/21/2020. Status Conference is continued to 4/23/2020 at 08:30 AM before Judge George H. Wu.) (mrgo) (Entered: 02/28/2020) |
| 04/01/2020 | 57 | PROTECTIVE ORDER by Magistrate Judge Alicia G. Rosenberg re Stipulation for Protective Order 55 . (see document for details) (hr) (Entered: 04/01/2020) |
| 04/15/2020 | 58 | Joint STIPULATION to Continue Status Conference from April 23, 2020 to July 30, 2020 filed by defendant One Technologies LLC. (Attachments: # 1 Proposed Order)(Rothman, Ari) (Entered: 04/15/2020) |
| 04/17/2020 | 59 | ORDER RE JOINT STIPULATION TO CONTINUE STATUS CONFERENCE by Judge George H. Wu, re Stipulation to Continue 58 . (Status Report due by 7/27/2020. Status Conference reset for 7/30/2020 at 08:30 AM before Judge George H. Wu.) (mrgo) (Entered: 04/20/2020) |
| 07/27/2020 | 60 | STATUS REPORT *Joint Status Report* filed by Defendant One Technologies LLC. (Rothman, Ari) (Entered: 07/27/2020) |
| 07/29/2020 | 61 | MINUTE ORDER IN CHAMBERS by Judge George H. Wu. The Court has reviewed the parties' Joint Status Report (Docket No. 60). Pursuant thereto, the Court takes the July 30, 2020 status conference off–calendar and sets the following schedule: Plaintiff's Motion for Reconsideration Due: August 24, 2020; Defendant's Opposition Due: September 17, 2020; Plaintiff's Reply Due: October 2, 2020; Hearing: October 19, 2020 at 8:30 a.m. (mrgo) (Entered: 07/29/2020) |
| 08/23/2020 | 62 | NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion to Dismiss,,, Order on Motion to Remand Case to State Court,, 30 *MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION TO DISMISS* filed by PLAINTIFF Julia G. Durward. Motion set for hearing on 10/19/2020 at 08:30 AM before Judge George H. Wu. (Attachments: # 1 Redacted Document REDACTED DECLARATION OF J. DANIEL JUNG AND ATTACHED EXHIBITS, # 2 Proposed Order PROPOSED ORDER) (Jung, Ju–In) (Entered: 08/23/2020) |
| 08/23/2020 | 63 | SEALED NOTICE OF MOTION AND MOTION *FOR RECONSIDERATION OF THE DEFENDANT'S MOTION TO DISMISS* re Protective Order 57 , Order on Motion to Dismiss,,, Order on Motion to Remand Case to State Court,, 30 filed by Plaintiff Julia G. Durward. Motion set for hearing on 10/19/2020 at 08:30 AM before Judge George H. Wu. (Attachments: # 1 Declaration SEALED DOCUMENT DECLARATION OF J. DANIEL JUNG)(Jung, Ju–In) (Entered: 08/23/2020) |
| 09/17/2020 | 64 | OPPOSITION to NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion to Dismiss,,, Order on Motion to Remand Case to State Court,, 30 *MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION TO DISMISS* 62 filed by Defendant One Technologies LLC. (Rothman, Ari) (Entered: 09/17/2020) |

| 10/02/2020 | 65 | REPLY in support of Motion for Consideration SEALED NOTICE OF MOTION AND MOTION *FOR RECONSIDERATION OF THE DEFENDANT'S MOTION TO DISMISS* re Protective Order 57 , Order on Motion to Dismiss,,, Order on Motion to Remand Case to State Court,, 30 63 filed by Plaintiff Julia G. Durward. (Jung, Ju–In) (Entered: 10/02/2020) |
| 10/07/2020 | 66 | EX PARTE APPLICATION for Leave to file Leave to File Sur–Reply filed by Defendant One Technologies LLC. (Attachments: # 1 Exhibit A – Defendant One Technologies LLC's Sur–Reply In Opposition to Motion for Reconsideration of Order Granting Motion to Dismiss, # 2 Proposed Order Proposed Order Granting Ex Parte Application for Leave to File Sur–Reply) (Rothman, Ari) (Entered: 10/07/2020) |
| 10/08/2020 | 67 | OPPOSITION to EX PARTE APPLICATION for Leave to file Leave to File Sur–Reply 66 filed by Plaintiff Julia G. Durward. (Jung, Ju–In) (Entered: 10/08/2020) |
| 10/08/2020 | 68 | ORDER GRANTING DEFENDANT ONE TECHNOLOGIES, LLC'S EX PARTE APPLICATION FOR LEAVE TO FILE SUR–REPLY by Judge George H. Wu re: 66 EX PARTE APPLICATION for Leave to File. IT IS FURTHER ORDERED that the sur–reply submitted with the One Technologies' ex parte application as Exhibit A is to be filed forthwith. (mrgo) (Entered: 10/09/2020) |
| 10/12/2020 | 69 | REPLY *SUR–REPLY IN OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO DISMISS* filed by Defendant One Technologies LLC. (Rothman, Ari) (Entered: 10/12/2020) |
| 10/19/2020 | 70 | MINUTES OF TELEPHONIC HEARING ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS MOTION TO DISMISS 62 Hearing held before Judge George H. Wu. Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court would DENY the Motion for Reconsideration. Court Reporter: Terri A. Hourigan. (mrgo) (Entered: 10/20/2020) |