David J. McGlothlin, Esq. (CA SBN 253265)
david@kazlg.com
**KAZEROUNI LAW GROUP, APC**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile: (602) 230-4482

Veronica Cruz, Esq. (SBN 318648)
veronica@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for Plaintiff,
AARON HICKS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA -SOUTHERN DIVISION

| | |
|---|---|
| AARON HICKS,<br><br>Plaintiff,<br><br>v.<br><br>ONE TECHNOLOGIES LLC, d/b/a Freescore360.com, a Texas limited liability company; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 8:20−cv−01856−DOC−DFM<br><br>**PLAINTIFF'S NOTICE OF NON-OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Hearing Date: December 7, 2020<br>Time: 8:30 a.m.<br>Dept.: 9D<br><br>Action Filed: June 12, 2020<br>Trial Date: None Set |

1 Plaintiff AARON HICKS ("Plaintiff") hereby submits this Notice of Non-Opposition to Defendant ONE TECHNOLOGIES LLC's ("Defendant") (collectively referred to as the "Parties") Motion to Dismiss Complaint for Lack of Personal Jurisdiction scheduled to be heard on December 7, 2020 in Department 9D of the above-captioned Court (this "Action").

To adequately protect Plaintiff's ability to litigate this Action, Plaintiff requests that this Court transfer venue of this Action to the U.S. District Court for the Northern District of Texas where the Action would have been timely if filed there initially. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court should exercise its power to transfer a case in order "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Original Creatine Patent Co., Ltd. v. MET-RX USA, Inc.*, 387 F. Supp. 2d 564, 566 (E.D. Va. 2005) (internal quotations omitted).

In the alternative, Plaintiff requests that this Court exercise its discretion to condition a dismissal *without* prejudice on the Defendant's waiver of a statute of a limitations defense in the alternative forum. The Ninth Circuit has acknowledged that district courts have the discretion whether or not to impose conditions incident to *forum non conveniens* dismissals. *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1234-35 (9th Cir. 2011). Moreover, the Ninth Circuit has affirmed *forum non conveniens* dismissals that addressed statute of limitations concerns by requiring waiver in the foreign forum, *Carijano*, 643 F.3d at 1235, and district courts in this circuit routinely impose numerous conditions to ensure a party's cooperation with the foreign forum. *See, e.g.*, *Etaliq, Inc. v. Cisco Sys., Inc.*, No. CV-11-3672-GAF-FFMx, 2011 WL 13220445, at *8 (C.D. Cal. July 20, 2011); *STM Grp., Inc. v. Gilat Satellite Networks Ltd.*, No. SACV-11-0093- DOC-RZx, 2011 WL 2940992, at *10 (C.D. Cal. July 18, 2011).

For all the foregoing reasons, the Court should transfer this Action to the Northern District of Texas under 28 U.S.C. § 1404(a). In the alternative, the Court should enter an order dismissing this Action *without* prejudice on the condition that Defendant agree to waive any statute of limitations defense it might raise.

Dated: November 16, 2020                    **KAZEROUNI LAW GROUP, APC**

By: */s/ Veronica Cruz*
    VERONICA CRUZ, ESQ, ESQ
    *ATTORNEYS FOR PLAINTIFF*